# IN THE SUPREME COURT OF THE STATE OF MONTANA

IN RE: REVISING THE RULES FOR )      ORDER
LAWYER DISCIPLINARY ENFORCEMENT )

For purposes of implementing this Court's December 11, 2001 Order, *In re the Creation of the Office of Discipline Counsel; the Adoption of Structural Changes to the Commission on Practice; and the Adoption of Changes to Montana's System of Disciplining Lawyers*, 2001 MT 257, 307 Mont. 210, ___ P.3d ___, it is necessary that the Rules for Lawyer Disciplinary Enforcement (RLDE) be revised.

To that end, committees of the State Bar of Montana and the Commission on Practice submitted to this Court suggested revisions to the RLDE. This Court has considered and deliberated those suggested revisions. We have agreed, with some exceptions, that the revisions suggested are appropriate and should be adopted. The members of this Court wish to gratefully acknowledge the input and the professional, hard work that the Bar and the Commission on Practice committees provided in this matter. We note, in particular, that this work was accomplished within a relatively tight time schedule.

Accordingly, pursuant to the authority granted this Court by Article VII, Section 2(3) of the Montana Constitution,

IT IS ORDERED that the Rules for Lawyer Disciplinary Enforcement (2002) (RLDE (2002)) which are attached to this order are ADOPTED, effective July 1, 2002.

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and mail copies of this Order with attached RLDE (2002) to:

FILED

FEB 2 6 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA



1

The Code Commissioner and Director for the Montana Legal Services Division;

The Chairman of the Commission on Practice, with the request that he distribute this Order and the attached RLDE (2002) to the members of the Commission;

The President and Executive Director of the State Bar of Montana with the request that this Order and attached RLDE (2002) be published in the next available issue of *The Montana Lawyer* and posted to the Bar's webpage;

The State Law Librarian with a request that this Order and attached RLDE (2002) be posted to the State Law Library webpage;

The State Reporter Publishing Company with the request that this Order and the attached RLDE (2002) be published in the *State Reporter*; and

West Group with the request that this Order and the attached RLDE (2002) be published in the annual update of *Montana Rules of Court*.

DATED this 26th day of February, 2002.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

# RULES FOR LAWYER DISCIPLINARY ENFORCEMENT (2002)

The Supreme Court of the State of Montana (hereinafter referred to as "Supreme Court" or "Court") declares that it possesses original and exclusive jurisdiction and responsibility under Article VII, Section 2(3), of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its inherent jurisdiction, in all matters involving admission of persons to practice law in the State of Montana, and the conduct and disciplining of such persons. In the exercise of that jurisdiction, the Court hereby adopts and promulgates the following Rules for Lawyer Disciplinary Enforcement. These rules shall be referred to as the Rules For Lawyer Disciplinary Enforcement (2002) or RLDE (2002).

## I STRUCTURE AND SCOPE

### RULE 1--COMPREHENSIVE LAWYER REGULATION SYSTEM

The Court hereby establishes a comprehensive lawyer discipline and disability system, consisting of an Office of Disciplinary Counsel and a Commission on Practice. The Office of Disciplinary Counsel shall perform central intake functions and shall process, investigate and prosecute those complaints against lawyers which are within the disciplinary jurisdiction of the Court. The Commission on Practice, which shall be divided into Review and Adjudicatory Panels, shall hear and decide complaints and in appropriate cases, shall make recommendations to the Court for discipline. Prosecutorial and adjudicatory functions shall be separated and managed to secure responsiveness, efficiency and fairness.

### RULE 2--THE COMMISSION ON PRACTICE OF THE SUPREME COURT OF THE STATE OF MONTANA

**A. Appointment.** The Court shall appoint a fourteen-member commission to be known as "The Commission on Practice of the Supreme Court of the State of Montana" hereinafter referred to as the "Commission," which shall consist of nine practicing lawyers, who shall be residents of the State of Montana and licensed and admitted to practice in the State of Montana, and five non-lawyers. One of said lawyers shall be appointed from each of the areas hereinafter defined. One lawyer member shall be at large and may be appointed from any area set forth below. The nonlawyer members of the Commission shall be appointed at large, but they shall be residents of the State of Montana. The term of office of

all members of the Commission shall be four years. The persons serving on the Commission on the effective date of these Rules shall continue to serve on the Commission for the remainder of the terms for which they were appointed, unless their membership on the Commission is terminated as hereinafter provided.

The areas from which the lawyer members of the Commission shall be appointed shall be comprised of the various judicial districts of the State of Montana, and are to be designated as follows:

**Area A** shall comprise the Fourth, Eleventh, Nineteenth, Twentieth and Twenty-first Judicial Districts.

**Area B** shall comprise the Second, Third and Fifth Judicial Districts.

**Area C** shall comprise the Eighth and Ninth Judicial Districts.

**Area D** shall comprise the Twelfth, Fifteenth and Seventeenth Judicial Districts.

**Area E** shall comprise the First, Sixth and Eighteenth Judicial Districts.

**Area F** shall comprise the Tenth and Fourteenth Judicial Districts.

**Area G** shall comprise the Thirteenth and Twenty-second Judicial Districts.

**Area H** shall comprise the Seventh and Sixteenth Judicial Districts.

Except for the at large lawyer member, appointments to the Commission of the lawyer members shall be made by the Supreme Court from a list of three practicing lawyers in each Area having the three highest number of votes in an election by the Area members of the State Bar of Montana. The time, place and method of such election shall be in accordance with the orders of this Court. In the event that said election is not held in any Area as ordered, the Supreme Court shall appoint a member from that Area to serve on the Commission.

The nonlawyer members and the at large lawyer member of the Commission shall not be subject to the election procedure, but shall be appointed by the Court.

In the event of a vacancy in the Commission, a successor shall be appointed by the Supreme Court for the unexpired term of the member whose office is vacated. Members of the Commission may terminate their membership at their pleasure, and their membership may be terminated by the Court at its pleasure.

**B. Election of Officers.** The members of the Commission shall annually elect lawyer members as chairperson, vice chairperson and executive secretary. The chairperson, and in the absence of the chairperson, the vice chairperson, shall preside at meetings of the Commission except that in the conduct of disciplinary hearings the chairperson may appoint another lawyer member of the Commission to act as presiding officer.

A presiding officer shall have all of the powers of the chairperson in any case in which he or she has been appointed.

**C. Quorum.** Eight members of the Commission shall constitute a quorum when the Commission is acting as a whole. The act of a majority of the members present at a meeting at which a quorum is present shall be the act of the Commission.

2

**D. Meetings.** Members of the Commission shall meet at times and places designated by the chairperson or, in the absence of the chairperson by the vice chairperson, who shall determine the agenda for meetings. Notice of any such meeting shall be given by mail or by telephone not less than seven calendar days in advance of the time for such meeting, except in cases of emergency or urgency requiring, in the judgment of the person calling the meeting, a shorter time of notice. Also, the Supreme Court may call a meeting of the members to be held at a time and place ordered by the Court. Notice of such meeting shall be given as above provided. The minutes of any meeting of the Commission shall state the form and time of notice of meeting given to the members.

**E. Executive Committee.** The chairperson, vice-chairperson and executive secretary of the Commission shall constitute the executive committee. The principal function of the executive committee shall be to attend to administrative matters during the interval between meetings of the Commission. The executive committee shall have such other duties and authority as the Commission shall determine from time to time.

**F. Compensation and Expenses.** Members of the Commission shall receive no compensation for their services, but may be reimbursed for travel and other expenses incidental to the performance of their duties.

**G. Powers and Duties of the Commission.** The Commission shall exercise the following powers and duties:

(1) Adopt rules or policies providing for the time and place of meetings, and such other procedural rules not in conflict with these rules, as may be necessary to expedite the conduct of its business.

(2) Periodically review the operation of the lawyer disciplinary system with the Supreme Court.

(3) Establish Review Panels pursuant to Rule 3.

(4) Establish Adjudicatory Panels pursuant to Rule 4.

(5) Appoint and supervise any Commission staff.

(6) Assure that a Review Panel member who sits on a particular case does not also sit on an Adjudicatory Panel for that case.

(7) Maintain all permanent records of disciplinary matters and proceedings.

(8) Exercise such other authority and perform such other duties as are provided in these rules, or that may be required in order to carry out the provisions of these rules.

(9) Operate subject to budgetary limitations imposed by the Court.

## RULE 3--REVIEW PANELS: Composition; Powers and Duties; Quorum

**A. Composition.** The Chairperson of the Commission shall appoint one or more Review Panels of five members each, at least two of whom shall be non-lawyers; shall designate a Chairperson for each Review Panel; and shall realign the membership of Review Panels from time to time.

**B. Powers and Duties. A Review Panel shall:**

(1) Review the complaint, the response from the lawyer against whom the complaint was made and any reply from the complainant together with other relevant documents and Disciplinary Counsel's intake summary, investigative report and recommendations.

(2) Determine any preliminary and procedural matters.

(3) Refer complaint to Disciplinary Counsel for any further investigation.

(4) Dismiss the complaint when the facts do not appear to warrant disciplinary action.

(5) Request Disciplinary Counsel to prepare and file with an Adjudicatory Panel a formal complaint when the facts appear to warrant disciplinary action.

(6) Request Disciplinary Counsel to prepare and file with an Adjudicatory Panel a complaint proposing interim suspension in an appropriate case.

(7) Hear and determine requests for reconsideration pursuant to Rule 14.

(8) Authorize the stay of disciplinary proceedings for good cause shown pursuant to Rule 28.

(9) Conduct show cause hearings when a lawyer has refused to respond to inquiries from the Office of Disciplinary Counsel or the Commission.

(10) Notify parties of action by a Review Panel.

**C. Quorum.** Three members of a Review Panel, at least two of whom are lawyers, shall constitute a quorum, however, any act of the Review Panel shall require the vote of three members.

## RULE 4--ADJUDICATORY PANELS: Composition; Powers and Duties; Quorum

**A. Composition.** The Chairperson of the Commission shall appoint one or more Adjudicatory Panels of nine members each, at least three of whom shall be nonlawyers; shall designate a Chairperson for each Adjudicatory Panel; and shall realign the membership of Adjudicatory Panels from time to time.

**B. Powers and Duties.** Adjudicatory Panels shall, in accordance with the specific procedures and provisions of these Rules:

(1) Hold hearings on formal complaints and complaints for interim suspension filed by Disciplinary Counsel;

(2) After hearing, make findings of fact, conclusions of law and recommendations to the Court for discipline or other disposition of formal complaints and complaints for interim suspension.

(3) Hear and determine preliminary and procedural matters incidental to the exercise of its powers and duties.

(4) Administer private admonitions pursuant to Rule 13.

(5) Hear and determine requests for reconsideration pursuant to Rule 14.

(6) Administer oaths, provide for discovery and exercise its subpoena power pursuant to Rule 19.

(7) Authorize the stay of a disciplinary proceeding for good cause shown pursuant to Rule 28.

(8) Hold show cause hearings when a lawyer has refused to respond or cooperate with the Office of Disciplinary Counsel, a Review Panel or an Adjudicatory Panel pursuant to Rule 24.

(9) Administer discipline by consent pursuant to Rule 26.

(10) Conduct proceedings relative to disability and transfer to inactive status pursuant to Rule 28.

(11) Hold hearings on petitions for reinstatement and make recommendations for their disposition to the Supreme Court pursuant to Rule 29.

(12) Hold hearings and make recommendations to the Court concerning assessment of the costs of proceedings, investigations and audits pursuant to Rule 9.

**C. Quorum.** Five members of an Adjudicatory Panel, at least three of whom are lawyers, shall constitute a quorum, however, any act of the Adjudicatory Panel shall require the vote of three members.

## RULE 5--OFFICE OF DISCIPLINARY COUNSEL

**A. Appointment.** The Court shall appoint a lawyer to serve as Disciplinary Counsel. Disciplinary Counsel shall not engage in private practice; shall be admitted to practice in Montana at the time of appointment or within a reasonable time thereafter as determined by the Court; and shall maintain offices in Helena, Montana, in facilities designated by the Court.

**B. Powers and Duties.** Disciplinary Counsel shall perform all prosecutorial functions and shall have the following powers and duties:

(1) Supervise Office of Disciplinary Counsel (Office) staff in performing central intake functions;

(2) Evaluate all information coming to the attention of the Office to determine whether it is within the disciplinary jurisdiction of the Court;

(3) Investigate all information coming to the attention of the Office which, if true, would be grounds for discipline or transfer to disability/inactive status;

(4) Investigate all facts pertaining to petitions for reinstatement or readmission;

(5) Recommend discipline;

(6) Prosecute before Review Panels, Adjudicatory Panels and the Court, discipline, interim suspension, reinstatement and readmission proceedings, and proceedings for transfer to or from disability/inactive status;

(7) Employ and supervise Office staff needed for the performance of prosecutorial functions and, when circumstances necessitate their use, appoint and supervise special investigators and volunteer special counsel;

(8) Notify promptly the complainant and the lawyer that an investigation is to be initiated by Disciplinary Counsel;

(9) Develop written guidelines for determining which matters fail to allege facts that would constitute grounds for disciplinary action;

(10) Request the Clerk of the Supreme Court to notify each jurisdiction in which a lawyer is admitted of a transfer to or from disability/inactive status, reinstatement, readmission or any public discipline imposed in this state;

(11) Whenever costs have been assessed against a lawyer by the Supreme Court, assemble and serve on the lawyer an itemized list of the costs of proceedings, investigations and audits;

(12) Seek reciprocal discipline when informed of any public discipline imposed in any other jurisdiction;

(13) Forward a certified copy of the judgment of conviction to the disciplinary office in each jurisdiction in which a lawyer is admitted when the lawyer is convicted of a serious crime (as hereinafter defined) in this state;

(14) Maintain permanent records of discipline and disability matters and compile statistics to aid in the administration of the system;

(15) Prepare an annual budget for the Office and submit it to the Court for approval;

(16) Make reasonable and necessary expenditures pursuant to the approved budget to perform the duties of the Office;

(17) Supervise and direct Office staff and operations;

(18) Prepare and submit to the Court recommendations concerning the annual assessment of Bar members; and

(19) Make recommendations to the Court about the lawyer regulation system.

6

**C. Prohibited Activities.** Disciplinary counsel shall not have authority to render advisory opinions, either orally or in writing; to dismiss a complaint; or to impose any form of discipline on a lawyer.


## RULE 6--COSTS AND EXPENSES; FISCAL REVIEWS AND AUDITS

**A. Office of Disciplinary Counsel.** The costs and expenses of the Office of Disciplinary Counsel shall be paid from an annual assessment of active members of the State Bar of Montana. The Supreme Court in its discretion shall determine the amount of the annual member assessment.

**B. Commission on Practice.** The costs and expenses of Commission shall be paid from legislatively appropriated public funds.

**C. Fiscal Reviews and Audits.** The Court may direct fiscal reviews and audits of the components of the lawyer regulation system.


## RULE 7--JURISDICTION

Any lawyer admitted to practice law in the State of Montana and any lawyer specially admitted by a court of the State of Montana for a particular proceeding or appearing by pleading or otherwise in any judicial proceeding in the State of Montana or otherwise engaging in the practice of law in the State of Montana is subject to the disciplinary jurisdiction of the Supreme Court of the State of Montana.

If a lawyer, because of allegations of misconduct or against whom formal disciplinary proceedings have been filed, shall surrender his or her license to practice law, the Commission retains jurisdiction to proceed with formal disciplinary proceedings and shall thereafter enter its order of discipline or recommendation for discipline in accordance with the rules.


## RULE 8--GROUNDS FOR DISCIPLINE

**A. Reasons for Discipline.** Discipline may be imposed for any of the following reasons:

(1) Acts or omissions by a lawyer, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct or the disciplinary rules adopted from time to time by the Supreme Court.

(2) Any act committed by an attorney contrary to the highest standards of honesty, justice or morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated, whether committed in such attorney's capacity as an attorney or otherwise.

(3) Conduct which results in conviction of a criminal offense.

(4) Conduct which results in lawyer discipline in another jurisdiction.

(5) Violation of the terms of any discipline or disciplinary order.

(6) Failure to promptly and fully respond to an inquiry from Disciplinary Counsel, an investigator, or the Commission, or failure to justify such refusal or nonresponse.

(7) Willful contempt of court and failure to purge the contempt.

**B. Relationship to Criminal Proceedings.** Acquittal of a charge of crime, plea bargain, conviction of a lesser crime, or dismissal of a charge of crime after deferred imposition of sentence, shall not constitute a bar to lawyer discipline for that act, nor shall conviction in a criminal proceeding be a condition precedent to the institution of disciplinary proceedings for that act.

## RULE 9--DISCIPLINE AND SANCTIONS

**A. Forms of Discipline.** Discipline may take one or more of the following forms:

(1) Disbarment.

(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term.

(3) Public censure.

(4) Private admonition.

(5) Probation.

(6) Requirement of restitution to persons financially injured.

(7) Reimbursement to the Lawyers' Fund for Client Protection.

(8) Assessment of the cost of proceedings, investigations and audits. Whenever costs of proceedings are assessed by the Supreme Court as part of the discipline imposed upon a lawyer, the Disciplinary Counsel shall assemble and serve upon the lawyer an itemized list of those costs. The lawyer shall then have ten days thereafter in which to file written objections and, if so desired, request a hearing before an Adjudicatory Panel on whether the amount of such costs is reasonable and necessary. An Adjudicatory Panel shall thereafter recommend an amount of costs to be imposed, and shall file its recommendation, along with any objections thereto, with the Supreme Court, which shall then issue an appropriate order assessing costs.

(9) Interim suspension pending final determination of discipline.

**B. Discipline Criteria.** The following factors shall be considered in determining discipline to be recommended or imposed:

      (1) The duty violated;

      (2) The lawyer's mental state;

      (3) The actual or potential injury caused by the lawyer's misconduct; and

      (4) The existence of aggravating or mitigating factors.

**C. Probation.** A lawyer against whom disciplinary proceedings are pending, may be placed on probation by the Supreme Court, or, with lawyer's concurrence, by an Adjudicatory Panel. The probation shall be for such time and upon such terms and conditions as are determined appropriate in the case. Discipline may be imposed for violation of any of the terms and conditions of such probation, including satisfactory completion of a diversion or treatment program.

**D. Procedure for Discipline for Willful Contempt of Court and Failure to Purge the Contempt.** Upon receipt of a certified copy of an order of contempt that has become final, the Supreme Court may, in its discretion, issue an order to show cause why the lawyer's license to practice law should not be suspended or other discipline should not be imposed. The lawyer against whom such an order has been entered in district court shall not have the right or opportunity to re-litigate the merits of the contempt order, the right to hearing and due process having been afforded him or her in the district court.

In the alternative, the Supreme Court may direct an Adjudicatory Panel to issue the order to show cause or direct the lawyer to appear before the Adjudicatory Panel. In that event, the Adjudicatory Panel shall make a written recommendation to the Supreme Court regarding suspension of the lawyer's license or other discipline.

An attorney who has been purged of the contempt order may be reinstated to practice law. Prior to reinstatement, the lawyer shall be required to pay the costs of any proceedings before the Commission on Practice.

## II PROCEDURE

## RULE 10--OFFICE OF DISCIPLINARY COUNSEL PROCEDURE

**A. Central Intake and Evaluation.** The Office of Disciplinary Counsel shall perform central intake functions including, but not limited to the following:

      (1) Receive information and complaints regarding lawyers' misconduct from members of the public;

(2) Make appropriate referrals regarding information and complaints while assuring that any member of the public who wishes to make a complaint against a lawyer is able to do so;

(3) Send to the complainant a packet of written materials containing forms, instructions and information about Montana's lawyer disciplinary process; and

(4) Receive written complaints on the forms provided.

**B. Preliminary Review and Processing of Informal Complaints.** The Office of Disciplinary Counsel shall:

(1) Conduct a preliminary review of each written complaint received by the Office and determine whether the complaint involves a matter that is within the disciplinary jurisdiction of the Court; and

(2) Where the complaint does not appear to be within the disciplinary jurisdiction of the Court, advise the complainant in writing and determine whether the complainant still wishes to proceed with the complaint.

**C. Investigation.** When the complaint appears to be within the disciplinary jurisdiction of the Court or where the complainant otherwise wishes to proceed with the complaint, Disciplinary Counsel shall:

(1) Send the complaint to the lawyer against whom the complaint is made;

(2) Send the lawyer's response to the complainant and, if appropriate, request his or her reply to the lawyer's response;

(3) Prepare an intake summary; and

(4) Conduct an investigation and prepare an investigative report.

**D. Review Panel Proceeding.** Disciplinary Counsel shall:

(1) Prepare recommendations to a Review Panel, including a recommendation of dismissal when the complaint does not warrant disciplinary action;

(2) Present the intake summary, investigative report and recommendations to a Review Panel, orally supplementing them at the request of a Review Panel; and

(3) Conduct further investigation at the request of a Review Panel.

**E. Adjudicatory Panel Proceeding.** Disciplinary Counsel shall:

(1) Draft and prosecute formal complaints and complaints proposing interim suspension before an Adjudicatory Panel;

(2) Recommend discipline or other disposition of a case to an Adjudicatory Panel;

(3) Conduct any discovery pursuant to Rule 19;

(4) At the request of an Adjudicatory Panel, investigate all allegations in a petition for reinstatement and present relevant evidence at an Adjudicatory Panel hearing on the petition; and

(5)   Advocate findings of fact and conclusions of law resulting from Adjudicatory Panel proceedings.


## RULE 11--REVIEW PANEL PROCEDURES

A Review Panel shall:

(1)   Review the complaint, the response from the lawyer against whom the complaint was made, and any reply from the complainant, together with other relevant documents and Disciplinary Counsel's intake summary, investigative report and recommendations;

(2)   Determine any preliminary and procedural matters;

(3)   Refer complaint to Disciplinary Counsel for any further investigation;

(4) Dismiss the complaint when the facts do not appear to warrant disciplinary action and notify the complainant and lawyer of the Review Panel's action;

(5)   Request Disciplinary Counsel to prepare and file a formal complaint when the facts appear to warrant disciplinary action;

(6)   Request Disciplinary Counsel to prepare and file a complaint proposing interim suspension in an appropriate case; and

(7) When undisputed facts prove an ethical violation by clear and convincing evidence, recommend to an Adjudicatory Panel imposition of a private admonition in appropriate cases.


## RULE 12--ADJUDICATORY PANEL PROCEDURE

**A.  Complaint and Citation.**  When a Review Panel has determined that formal disciplinary proceedings shall be instituted against a respondent lawyer:

(1)   Disciplinary Counsel shall file a formal complaint with the Clerk of the Supreme Court and shall furnish a copy to the Adjudicatory Panel;

(2)   The complaint shall set forth the charges with sufficient clarity and particularity as to inform the lawyer of the alleged misconduct;

(3)   The complaint shall be signed by Disciplinary Counsel but need not be verified; and

(4)   The Clerk of the Supreme Court shall issue a citation which, together with a copy of the complaint, shall be served on the lawyer; the citation shall require the lawyer to file a written answer to the complaint with the Clerk within twenty days.

**B.  Answer.**

(1)   The lawyer shall serve a copy of the answer in the Commission and on Disciplinary Counsel.

(2) If the lawyer fails to answer within the prescribed time, the charges shall be deemed admitted. An Adjudicatory Panel to which the case has been assigned may make findings and impose on the lawyer such discipline and sanctions as these rules authorize.

(3) An Adjudicatory Panel may elect to hold a hearing notwithstanding the lawyer's failure to answer, after notice of hearing has been given.

## C. Hearing, Findings and Conclusions.

(1) If the lawyer files an answer, Disciplinary Counsel shall consult with the Commission to determine a hearing date before an Adjudicatory Panel. The Commission shall file and serve upon Disciplinary Counsel, the lawyer, the lawyer's counsel, if any, and any complainant, a notice of hearing setting forth the date, time and place of hearing, which notice shall be served upon said persons at least twenty days in advance thereof. The lawyer is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The hearing shall be recorded.

(2) In the conduct of a hearing, the Chairperson of an Adjudicatory Panel shall have authority to rule on all motions, objections, and other matters presented in connection with the hearing. Except as may otherwise be provided herein, and except as an Adjudicatory Panel Chairperson may determine in the interests of justice and fairness, hearings in formal disciplinary proceedings shall be conducted in accordance with the Montana Rules of Civil Procedure and the Montana Rules of Evidence.

(3) Following the hearing, an Adjudicatory Panel shall make findings of fact, conclusions of law and a recommendation to the Supreme Court for discipline or other disposition of the case.

## RULE 13--PRIVATE ADMONITIONS

At any time before initiation of formal disciplinary proceedings, an Adjudicatory Panel, in its discretion, may give a private admonition to the lawyer in the name of the Supreme Court, either orally or in writing, with or without imposition of costs of proceedings, and may require the lawyer to appear personally before an Adjudicatory Panel to receive the admonition. Thereupon, the matter shall be deemed terminated except that the Commission shall maintain a record of such admonition which record may be considered by Adjudicatory Panels in determining discipline to be recommended or imposed in any subsequent disciplinary proceeding involving the lawyer. Private admonitions are not appealable.

## RULE 14--REQUEST FOR RECONSIDERATION BY COMPLAINANT

A Review or Adjudicatory Panel, before which a matter is pending, shall advise complainants in writing that a complainant who is not satisfied with the disposition of a complaint by the Panel, may, within thirty days of receipt of notice of the disposition, petition the Panel for reconsideration. The Panel, upon reconsideration, may approve the disposition or take such other action as may be appropriate and notify the complainant and the lawyer. The Supreme Court may, in its sole discretion, review the Panel's disposition upon reconsideration.

## RULE 15--*EX PARTE* COMMUNICATIONS PROHIBITED

Disciplinary Counsel and members of Review Panels, Adjudicatory Panels, the Commission and the Supreme Court shall not communicate *ex parte* among themselves or with others regarding the merits of a pending or impending investigation or a disciplinary proceeding except as permitted by the Rules for Lawyer Disciplinary Enforcement. Communications for purposes of scheduling, administration and procedural matters shall not be prohibited but shall be conducted to assure fairness to all parties.

## RULE 16--REVIEW BY THE SUPREME COURT

After service of a copy of the findings of fact and conclusions of law and recommendation of discipline to the lawyer and to lawyer's counsel, if any, the lawyer shall have thirty days from date of service within which to file with the Court objections to the findings of fact and conclusions of law and recommendation of discipline, and a written brief in support thereof. The lawyer or the lawyer's counsel shall serve upon Disciplinary Counsel a copy of any such objections and brief in support thereof. Disciplinary Counsel shall have thirty days after date of service of such objections and written brief within which to file with the Court a written brief in opposition to such objections, and a copy of such brief shall be served upon the lawyer or the lawyer's counsel. The Court may, in its discretion, set the matter for oral argument if the Court deems oral argument appropriate. Thereafter, or in the event objections are not filed by the lawyer, the matter shall be deemed submitted and the Court shall determine the appropriate discipline, if any, authorized by these rules. In the event objections are not filed, the matter shall be deemed submitted at the expiration of the time for filing objections and the Supreme Court shall consider the matter, issue its written decision, and impose such discipline if any, as it considers appropriate. In the imposition of discipline, the Court may fix a time and place for the lawyer to appear before it. The Clerk shall notify the Commission, Disciplinary Counsel, the lawyer and the lawyer's counsel of the time and place of the appearance and the purpose thereof. At such time and place the lawyer shall appear in person, may be accompanied by counsel, and may make a statement

with respect to the discipline to be imposed. Thereupon the Court shall impose such discipline as it deems appropriate.

Proof of all service required herein shall be made in accordance with Rule 5(f), Montana Rules of Civil Procedure.


## RULE 17--IMMUNITY

**A. From Civil Suit.** Communications or complaints, oral or written to, or from, the Commission and the Office of Disciplinary Counsel, and testimony given in the proceedings are privileged, and no evidence thereof is admissible in any lawsuit against any complainant, witness, Commission member, Commission staff, Disciplinary Counsel, Office of Disciplinary Counsel staff, investigator, special counsel or other person employed or retained by the Commission or the Office of Disciplinary Counsel. Waiver, if any, of such privilege by voluntary disclosure by a complainant or witness shall be determined under Rule 503, Montana Rules of Evidence. Members of the Commission, Commission staff, Disciplinary Counsel, Office of Disciplinary Counsel staff, investigator, special counsel, any other person employed or retained by the Commission to represent it in Commission matters, staff members, and persons acting for the Commission, shall be immune from suit for any conduct undertaken in good faith in the course of their official duties under these rules. All of said persons are deemed officers and/or agents of the Court for all purposes mentioned in these rules.

**B. From Criminal Prosecution.** Upon application of Disciplinary Counsel or the Commission and after reasonable notice to and written consent from the appropriate county attorney(s), the Supreme Court may order that a witness cannot be prosecuted or subjected to any penalty or forfeiture, other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter, or thing concerning which the witness testified or produced in a lawyer disciplinary proceeding.


## RULE 18--SERVICE

**A. Service of Complaint.** Service upon the lawyer of a complaint in a formal disciplinary proceeding shall be made by personal service by any person designated by the Office of Disciplinary Counsel or authorized by law, or by registered or certified mail at the last known address of the lawyer, and proof thereof shall be made as provided in Rule 4, Montana Rules of Civil Procedure.

**B. Service of Other Papers.** Service of any other papers or notices required by these rules shall, unless otherwise provided by these rules, be made in accordance with the Rules of Civil Procedure of the State of Montana.

## RULE 19--OATHS, SUBPOENA POWER AND DISCOVERY

**A. Oaths.** Any member of the Commission or other person authorized by law may administer oaths and affirmations in matters pending before the Commission.

**B. Subpoenas.** Any member of the Commission may, at the request of an investigator, the Office of Disciplinary Counsel, or the lawyer, compel, by subpoena, the attendance of witnesses and the production of pertinent books, papers, and documents.

Any person subpoenaed to appear and give testimony, or to produce pertinent books, papers or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify, who refuses to answer any proper questions, may upon request of the Commission or the Office of Disciplinary Counsel be cited for contempt of the Supreme Court. The Commission or the Office of Disciplinary Counsel shall report to the Court the facts relating to any such contempt. Thereupon, proceedings before the Supreme Court shall be had as in cases of other contempts. The Supreme Court may, upon proper application, enforce the attendance of any witness and the production of any documents subpoenaed.

**C. Quashing Subpoena.** Any attack on the validity of a subpoena so issued shall be heard and determined by the chairperson of the Commission, or in his or her absence, the vice-chairperson or executive secretary, subject to review by the Supreme Court, at the request of the Disciplinary Counsel or the lawyer.

**D. Discovery.** Disciplinary Counsel and the lawyer shall be afforded reciprocal discovery. Disputes concerning the scope and other aspects of discovery shall be determined by the chairperson, or in his or her absence the vice-chairperson, of the Adjudicatory Panel.

**E. Witnesses and Fees.** Witness fees and mileage shall be the same as provided by law for witnesses in civil actions in the District Courts of the State of Montana.

## RULE 20--ACCESS TO DISCIPLINARY INFORMATION

**A. Confidentiality.** All disciplinary proceedings which are prior in time to the filing of a formal complaint with the Clerk of the Supreme Court shall be confidential. Upon the filing of a formal complaint, the Commission's entire file on the matter shall be subject to discovery.

**B. Public Proceedings.** Upon the filing of a formal complaint with the Clerk of the Supreme Court in a disciplinary matter, or upon the filing with the Clerk of the Supreme Court of a petition for reinstatement, the proceedings before the Commission thereafter shall be public except for:

        (1)  Deliberations and minutes of the Commission; and

        (2)  Information or proceedings with respect to which an Adjudicatory Panel or Supreme Court has issued a protective order.

**C. Violation.** Violation by any person of any confidential information under these rules shall be punishable as a contempt of the Supreme Court.

**D. Duty of Participants.** All participants in a proceeding under these rules shall conduct themselves so as to maintain the confidentiality mandated by this rule.

## RULE 21--DISSEMINATION OF DISCIPLINARY INFORMATION

**Notice of Discipline Imposed.** The Clerk of the Supreme Court shall cause copies of orders and notices of transfer to disability/inactive status, public censure, suspension, disbarment, and reinstatement to be given to the Clerks of all of the District Courts of the State of Montana, all of the District Judges of the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, the Chairperson of the Commission, and the Executive Director of the State Bar of Montana, or as the Supreme Court otherwise may direct.

## RULE 22--ADDITIONAL RULES OF PROCEDURE

**A. Proceedings Governed by Rules of Civil Procedure.** Except as otherwise provided in these rules, the Rules of Civil Procedure of the State of Montana apply in disciplinary cases.

**B. Standard of Proof.** Formal charges of misconduct and grounds for reinstatement shall be established by clear and convincing evidence.

**C. Burden of Proof.** The burden of proof in formal proceedings seeking discipline is on Disciplinary Counsel. The burden of proof in reinstatement proceedings is on the person seeking reinstatement.

16

**D. Availability of Hearing Transcript.** A copy of the record of a hearing shall be made available to the lawyer at his or her expense on request made to the Commission.

**E. Related Pending Litigation.** The proceeding of a disciplinary matter shall not be delayed because of substantial similarity to the material allegations of pending criminal or civil litigation unless a Review Panel or an Adjudicatory Panel in its discretion authorizes a stay for good cause shown, but only after notice to the complainant, Disciplinary Counsel, the lawyer and the lawyer's counsel and opportunity to be heard by the complainant.

**F. Delay Caused by Complainant.** Neither unwillingness nor neglect of the complainant to sign a complaint nor to prosecute a charge, nor a settlement, nor a compromise between the complainant and the lawyer, nor restitution by the lawyer shall, in itself, justify abatement of the processing of any complaint.

**G. Effect of Time Limitations.** Except as is otherwise provided in these rules, time is directory and not jurisdictional. Failure to observe prescribed time intervals may result in sanctions against the violator but does not justify abatement of any disciplinary investigation or proceeding.

**H. Complaints Against Commission Members.** Allegations of grounds for discipline against members of the Commission shall be processed in the same manner as allegations against nonmembers of the Commission; provided, however, that the Commission member against whom such allegations are made shall be disqualified from participating in any manner as a Commission member with respect to that matter. Further, in the event of allegations of grounds for discipline being made against any member of the Commission, the Supreme Court will be immediately notified of such allegations, and the Commission will keep the Court informed in a timely manner of the status of the matter.

**I. Dismissed Complaints.** A complaint which is dismissed or upon which no disciplinary action is taken or recommended, shall be expunged from Commission and Disciplinary Counsel records and for all purposes shall be considered as null, void and nonexistent.

# RULE 23--LAWYERS CONVICTED OF A CRIMINAL OFFENSE

**A. Transmittal of Certificate of Conviction.** The clerk or other official of any court in this state, in which a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been convicted of a criminal offense shall, within thirty days of the date of conviction, transmit a certificate of conviction to the Supreme Court, Disciplinary Counsel and to the Commission on Practice.

**B.   Procedure on Receipt of Certificate of Conviction.**   Upon receipt of the certificate of conviction the Supreme Court, either on its own motion or on that of the Disciplinary Counsel, shall determine whether the criminal offense is one which affects the lawyer's ability to practice law.  If the Court determines that the lawyer was found guilty of a criminal offense that affects the lawyer's ability to practice law, the Supreme Court shall enter an order immediately suspending the lawyer from the practice of law pending final disposition of a disciplinary proceeding predicated upon the conviction. The Supreme Court shall in the same order direct  Disciplinary Counsel to prepare and file a formal complaint against the lawyer predicated upon the conviction.  If the criminal offense does not involve the lawyer's ability to practice law, the Supreme Court shall enter an order to that effect and, thereafter, the matter shall be processed like any other information coming to the attention of the Commission.  The Court need not give notice to the lawyer, nor shall a hearing be required, prior to its determination of whether the criminal offense of which the lawyer was convicted was one which affects the lawyer's ability to practice law nor shall a hearing be required prior to the Supreme Court's entering an interim order of suspension.  A copy of any order entered pursuant to this rule shall be served upon the lawyer, Disciplinary Counsel and the Commission.  Upon good cause shown, the Court may in the interest of justice set aside or modify the interim suspension, however, the interim suspension may not be set aside solely by reason of a pending appeal of the conviction to the Supreme Court or because of an appeal by trial *de novo*.

**C. Formal Proceedings After a Conviction.**  The sole issue to be determined in the formal disciplinary proceedings conducted after a lawyer is convicted of a criminal offense which affects the lawyer's ability to practice law shall be the extent of the final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded unless the lawyer requests that the matter not be deferred.

**D. Certificate of Conviction Conclusive.**  A certificate of conviction of a lawyer for a criminal offense shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the lawyer based upon the conviction.

**E.   Automatic Reinstatement From Interim Suspension Upon Reversal of Conviction.**  If a lawyer suspended solely under the provisions of paragraph B above, demonstrates that the underlying conviction has been reversed or vacated, the order for interim suspension shall be vacated and the lawyer placed on active status.  The vacating of the interim suspension will not automatically terminate any formal proceeding then pending against the lawyer, the disposition of which shall be determined by the Adjudicatory Panel on the basis of the available evidence.

**F. Notice to Clients and Others on Interim Suspension.** An interim suspension order entered pursuant to this rule shall constitute a suspension of the lawyer for purposes of Rule 21.

## RULE 24--FAILURE TO RESPOND TO THE OFFICE OF DISCIPLINARY COUNSEL OR THE COMMISSION

If a lawyer subject to the jurisdiction of the Commission should fail or refuse to promptly and fully respond to a complaint or other inquiry communicated to such lawyer in writing by the Office of Disciplinary Counsel or the Adjudicatory or Review Panel before which the matter is pending, the Panel, in addition to other proceedings authorized by these rules, may direct such lawyer to appear before the Panel and show cause why appropriate discipline or sanction should not be imposed for failure to respond or cooperate. If the matter is pending before a Review Panel, and the lawyer fails to show good cause, the Review Panel shall refer the matter to an Adjudicatory Panel. Notice of such show cause hearing shall be served upon the lawyer at least twenty days prior to the hearing. If at such hearing the lawyer shall fail to respond or show a just or reasonable cause for not responding, then in addition to the disciplines and sanctions otherwise provided by these rules, the Adjudicatory Panel may, upon determination of its appropriateness, recommend to the Supreme Court the immediate interim suspension of such lawyer for a period not to exceed thirty days, or such earlier date as the attorney shall fully respond to and cooperate with the Disciplinary Counsel and the Commission on Practice.

## RULE 25--CONDUCT CONSTITUTING THREAT OF HARM TO CLIENTS

**A. Transmittal of Evidence.** Upon receipt of evidence constituting probable cause that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has committed a violation of the Rules of Professional Conduct or is incapacitated and, in either case, poses a substantial threat of serious harm to clients or the public, an Adjudicatory Panel shall:

(1) Transmit the evidence to the Supreme Court together with a proposed order for interim suspension; and

(2) Contemporaneously make a reasonable attempt to provide the lawyer with notice, which may include notice by electronic means, that a proposed order for interim suspension has been transmitted to the Supreme Court.

**B. Interim Suspension.** The Supreme Court may, on its own motion, or based upon a recommendation to it by an Adjudicatory Panel, direct a lawyer to appear before the Supreme Court and show cause why the lawyer's license to practice law should not be suspended during the pendency of either criminal proceedings or disciplinary proceedings

and, after a hearing, the Supreme Court may enter an order suspending the lawyer's license for a definite or indefinite period, or may discharge the order to show cause. In the event the order suspending license is entered, the Supreme Court may appoint a trustee pursuant to Rule 33 to protect clients' interests. Further, the Court may make an order relieving the lawyer of any fiduciary position held by the lawyer and appoint a trustee to assume those fiduciary positions.

**C. Notice to Clients.** The lawyer suspended pursuant to the foregoing paragraph, or the lawyer's trustee appointed pursuant to Rule 33, if one is so appointed, shall comply with the notice requirements of Rules 30 and 32.

## RULE 26--DISCIPLINE BY CONSENT

**A. Adjudicatory Panel Approval of Tendered Admission.** A lawyer concerning whom an investigation is being conducted because of allegations of misconduct, or against whom formal disciplinary proceedings have been filed may tender a conditional admission to the complaint or to a particular count thereof in exchange for a stated form of discipline. The tendered admission shall be submitted to an Adjudicatory Panel. An Adjudicatory Panel may refer the tendered admission to the Disciplinary Counsel for recommendations. The Adjudicatory Panel may either approve or reject the tendered admission. The Adjudicatory Panel, with the lawyer's consent, may hold a private hearing for the purpose of obtaining information to aid the Adjudicatory Panel in determining whether to approve or reject the tendered admission. If the tendered admission is approved by the Adjudicatory Panel, such approval shall be final if the stated form of discipline is private admonition, but shall, if the stated form of discipline includes disbarment, suspension or public censure, be subject to approval or rejection by the Supreme Court. If the stated form of discipline is rejected by either the Adjudicatory Panel or the Supreme Court, the admission shall be deemed withdrawn and cannot be used against the lawyer in any subsequent proceedings.

**B. Affidavit of Consent.** If the stated form of discipline is approved, the lawyer shall present to the Adjudicatory Panel an affidavit stating his or her consent to the discipline and that:

(1) The lawyer's consent is freely and voluntarily tendered, and that the lawyer is not being subjected to coercion or duress, and that the lawyer is fully aware of the implications of submitting the consent;

(2) The lawyer is aware that there is presently pending an investigation into, or proceeding involving, allegations that there exists grounds for discipline, the nature of which the lawyer shall specifically set forth;

(3) The lawyer acknowledges that the material facts so alleged are true or the lawyer submits his or her consent because he or she knows that if charges predicated

upon the matters under investigation were filed, or if the pending proceeding were prosecuted, he or she could not successfully defend himself or herself.

The final order of discipline shall be predicated upon the complaint, if any, the conditional admission, the affidavit, and such other information and evidence to which the Disciplinary Counsel and the lawyer may have stipulated, or which may have been elicited at a private hearing referred to in Rule 26A.

**C. Order of Discipline.** If the discipline by consent is a private admonition by the Adjudicatory Panel, the Adjudicatory Panel shall enter the order. In all other instances in which the proposed discipline has been approved, the Supreme Court shall enter the order. The order of discipline by consent shall be filed with the Clerk of the Supreme Court, and a copy thereof shall be served upon the lawyer, the lawyer's counsel, the Commission, Disciplinary Counsel and the complainant.

**D. Confidentiality.** All tendered admission proceedings prior to entry of a consent discipline order shall be confidential and subject to the provisions of Rule 20 of these Rules.

## RULE 27--RECIPROCAL DISCIPLINE

**A. Commission to Obtain Order of Discipline from Other Jurisdiction.** Upon being disciplined in another jurisdiction, a lawyer admitted to practice in Montana shall promptly inform the Supreme Court, the Commission, and Disciplinary Counsel of such action. Upon notification that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been disciplined in another jurisdiction, the Disciplinary Counsel shall obtain a certified copy of the disciplinary order and file it with the Commission and with the Supreme Court.

**B. Notice Served Upon the Lawyer.** Upon receipt of a certified copy of an order demonstrating that a lawyer admitted to practice in Montana has been disciplined in another jurisdiction, the Court shall forthwith issue a notice directed to the lawyer containing the following:

(1) A copy of the order from the other jurisdiction; and

(2) An order directing that the lawyer inform the Court, within thirty days from the date of service of the notice, of any claim by the lawyer predicated upon the grounds set forth in paragraph D of this rule, that the imposition of the identical discipline in the state of Montana would be unwarranted and the reasons therefor.

**C. Effect of Stay of Discipline in Other Jurisdiction.** In the event the discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed in Montana may be deferred until the stay expires.

**D. Discipline to be Imposed.** Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B of this rule, the Supreme Court shall impose the identical discipline unless the lawyer demonstrates, or the Court finds that upon the face of the record from which the discipline was predicated it clearly appears that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) That there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Supreme Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Supreme Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the State of Montana.

If the Supreme Court determines that any of those elements exists, it shall enter such other order as it deems appropriate.

**E. Conclusiveness of Adjudication in Other Jurisdiction.** In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the state of Montana.

## RULE 28--DISABILITY/INACTIVE STATUS

**A. Grounds.** A lawyer subject to the disciplinary jurisdiction of the Supreme Court shall be transferred to disability/inactive status if:

(1) The lawyer asserts an inability to assist in the defense of disciplinary proceedings;

(2) The lawyer is determined, upon hearing, to have a physical or mental condition which adversely affects the lawyer's ability to practice law to the extent that the lawyer is incapacitated from continuing to practice law; or

(3) The lawyer is judicially declared incompetent or involuntarily committed on grounds of incompetency or disability by a court of competent jurisdiction.

**B. Proceedings.**

(1) Proceedings to determine a lawyer's inability to assist in the defense of disciplinary proceedings or to determine incapacity shall be conducted in the same manner as formal disciplinary proceedings pursuant to Rules 11 and 12, except that all of the proceedings shall be confidential.

(2) Counsel may be appointed by the Commission to represent a lawyer without adequate representation.

(3) The Adjudicatory Panel may order examination of the lawyer by qualified medical experts selected by the Adjudicatory Panel.

**C. Report and Recommendation.** The report and recommendation of the Adjudicatory Panel shall be subject to review and determination by the Supreme Court as provided in Rule 16.

**D. Notice of Transfer.** Unless otherwise ordered by the Court, notice of transfer to disability/inactive status shall be given to those persons and in the manner provided in Rule 30.

**E. Term of Disability/Inactive Status.** Transfer to disability/inactive status, unless otherwise specified by order, shall be for an indefinite period and may include such terms and conditions for reinstatement as may be appropriate.

**F. Stay of Disciplinary Proceedings.** Pending disciplinary proceedings shall be deferred during the period of a lawyer's inability to defend. Such proceedings shall be heard and disposed of as provided in these rules upon reinstatement of the lawyer to active status.

**G. Reinstatement.**

(1) A lawyer transferred to disability/inactive status may petition for transfer to active status after six months, or such other time period specified in the order of transfer, or in subsequent orders.

(2) Upon receipt of a petition for transfer to active status, the Adjudicatory Panel shall schedule a hearing on the petition as soon as practicable. Proceedings for transfer to active status shall be conducted in the same manner as formal proceedings pursuant to Rule 29, except that all of the proceedings shall be confidential. The Adjudicatory Panel may order examination of the lawyer by qualified medical experts selected by the Adjudicatory Panel.

(3) A petition for transfer to active status shall be granted upon a showing by clear and convincing evidence that the disability has been removed.

(4) A lawyer previously judicially declared incompetent may petition for immediate transfer to active status, without hearing, upon proof of judicial declaration of competency by a court of competent jurisdiction.

## RULE 29--REINSTATEMENT

**A. After Suspension of Six Months or Less.** A lawyer suspended for no more than six months may resume practice at the end of the period of suspension by filing with the Court, and serving upon the executive secretary of the Commission, and Disciplinary Counsel, an affidavit alleging that the lawyer has fully complied with the requirements of the suspension order, and paying any required fees and costs ordered by the Court.

**B. After Disbarment or Suspension for More Than Six Months.** Subject to the limitations set forth in Rule 29C, any lawyer who shall have been disbarred or who shall have been suspended indefinitely or for more than six months may, by verified petition, apply for:

(1) An order of reinstatement;

(2) An order shortening the term of a fixed period of suspension; or

(3) An order modifying an order of indefinite period of suspension by fixing a definite period of suspension.

Such petition shall bear the case number and caption appearing in the order of discipline, and an original and one copy thereof shall be filed with Disciplinary Counsel, the Commission on Practice, and by the Commission filed with the Clerk of the Supreme Court and made a part of the record in said case. Such petition shall set forth the facts that show the lawyer contends that he or she has rehabilitated himself or herself, or that he or she is entitled to have the order of discipline vacated, terminated or modified.

**C. Time for Filing Petition.**

(1) A lawyer suspended from practice may not petition for reinstatement earlier than ninety days prior to the end of the period of the fixed term or minimum fixed term of the suspension.

(2) A lawyer serving an indefinite suspension beyond the minimum fixed term may petition for reinstatement at any time.

(3) No petition for reinstatement shall be filed by a disbarred lawyer until five years after the effective date of disbarment.

**D. Hearing and Notice on Application.** Upon receipt of a petition, the Commission shall, within ninety days after receipt of such petition, or such later date as may be mutually agreed upon by petitioner and the Commission, schedule an Adjudicatory Panel hearing on the petition. The petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she meets the following criteria, or, if not, has presented good and sufficient reason why he or she should nevertheless be reinstated:

(1) The lawyer has fully complied with the terms of all prior disciplinary orders;

(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law;

(3) If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension, including alcohol or other drug abuse, the

24

disability or infirmity has been removed, and where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer:

a. has pursued appropriate rehabilitative treatment; and

b. has abstained from the use of alcohol or other drugs for at least one year, and is likely to continue to abstain from alcohol or other drugs;

(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct;

(5) The lawyer has not engaged in any other professional misconduct since suspension;

(6) The lawyer has the requisite honesty and integrity to practice law; and

(7) The lawyer has kept informed about recent developments in the law and is competent to practice.

The proceedings before the Adjudicatory Panel relating to such petition shall be governed by the applicable provisions of these rules governing hearings in disciplinary proceedings including Rule 20 concerning confidentiality, unless otherwise provided herein or unless otherwise ordered by the Court.

Notice of such hearing shall be given to the public in such manner and to such extent as the Adjudicatory Panel deems appropriate in each case. In any event, notice of such application or petition shall be given to the Supreme Court, all of the Judges of the District Courts of the State of Montana, all of the Federal District Judges of the District of Montana, and the Executive Director of the State Bar of Montana. The notice of hearing shall set forth that any interested person may testify at the hearing.

An Adjudicatory Panel may request Disciplinary Counsel to investigate the allegations set forth in the petition for reinstatement and present relevant evidence at the hearing.

**E. Deposit for Cost of Proceeding.** Upon receipt of a petition for reinstatement, an Adjudicatory Panel, before proceeding further, may require the petitioner to deposit with the Commission an amount deemed reasonable by the Commission to cover anticipated costs of the reinstatement proceedings.

**F. Recommendation of Commission and Action by Court.** The Adjudicatory Panel shall make a written recommendation to the Supreme Court on the petition for reinstatement, including the imposition of such conditions to reinstatement as it deems appropriate to protect the public interest. Thereupon the Supreme Court shall, in the exercise of its discretion, take such action as it deems advisable.

## RULE 30--NOTICE TO CLIENTS AND OTHERS

**A. Recipients of Notice and Contents of Notice.** Unless otherwise ordered by the Adjudicatory Panel or the Supreme Court, within ten days after the date of the order of the

Court imposing the discipline of disbarment or suspension, the lawyer shall notify or cause to be notified by registered or certified mail, return receipt requested:

 (1) All clients being represented in pending matters;

 (2) Any co-counsel in pending matters; and

 (3) Any opposing counsel in pending matters or, in the absence of such counsel, the adverse parties, that the Court has ordered the disbarment or suspension of the lawyer and that the lawyer is therefore disqualified to act as a lawyer after the effective date of the order.

 **B. Notice to Clients of Lawyers Who Are Disbarred or Suspended.** The lawyer shall deliver to all clients being represented in pending matters any papers or other property to which they are entitled and shall notify them and any counsel representing them of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property.

 **C. Notification to Court.** In the event the client does not obtain another lawyer before the effective date of the disbarment or suspension, it shall be the responsibility of the lawyer to notify in writing the judge of the court having jurisdiction of the pending matter of the circumstances.

## RULE 31--EFFECTIVE DATE OF ORDER, WINDING UP OF AFFAIRS

 Orders imposing discipline shall be effective immediately upon entry, unless the Adjudicatory Panel or the Supreme Court specifies otherwise in the order. The lawyer, after entry of a disbarment or suspension order, shall not engage as a lawyer for any new case or legal matter of any nature. The lawyer shall refund any part of any fees paid in advance which have not been earned.

## RULE 32--AFFIDAVIT FILED WITH COURT

 Within twenty days after the effective date of the disbarment or suspension order, the lawyer shall file with the Supreme Court, the Adjudicatory Panel, and the Disciplinary Counsel an affidavit showing:

 (1) The lawyer has fully complied with the provisions of the order and with these rules;

 (2) A list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

 (3) The lawyer's residence or other addresses where communications may thereafter be directed to him or her.

## RULE 33--APPOINTMENT OF TRUSTEE TO PROTECT CLIENTS' INTEREST WHEN THE LAWYER HAS BEEN DISBARRED OR SUSPENDED

**A. Inventory of the Lawyer's Files.** If a lawyer has been disbarred or suspended and there is evidence the lawyer has not complied with Rule 30, and no partner, personal representative or other responsible party capable of conducting the lawyer's affairs is known to exist, the presiding judge in the judicial district in which the lawyer maintained his or her practice, upon proper proof of the fact, shall appoint an attorney or attorneys as trustee to inventory the files of the lawyer, and to take such action as seems indicated to protect the interest of the lawyer and the lawyer's clients.

**B. Protection for Records Subject to Inventory.** Any attorney so appointed shall not be permitted to disclose any information contained in any files inventoried without the consent of the client to whom the file relates, except as necessary to carry out the order of the court which appointed the attorney to make the inventory.

## RULE 34--VERIFICATION OF BANK ACCOUNTS

Whenever Disciplinary Counsel has probable cause to believe that the bank accounts of a lawyer that contain, should contain, or have contained funds belonging to clients, have not been properly maintained or that the funds have not been properly handled, the Disciplinary Counsel may initiate an investigation for the purpose of verifying the accuracy and integrity of all bank accounts maintained by the lawyer, and an investigator may be appointed by the Disciplinary Counsel for that purpose.

Investigations, examinations, and verifications shall be conducted so as to preserve the private and confidential nature of the lawyer's records insofar as is consistent with these rules and the attorney-client privilege, provided, however, that all investigatory materials may be provided to, or exchanged with, the State Bar of Montana, Lawyers' Fund for Client Protection.

## RULE 35--EFFECTIVE DATE

These rules are effective July 1, 2002, provided, however, that any matter then pending shall be concluded under the procedure existing prior to the effective date of these rules.

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

DEC 26 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE AMENDMENT    )
OF MONTANA JUSTICE AND CITY COURT    )    O R D E R
RULES OF CIVIL PROCEDURE, 23C and 23D    )

The Commission on Courts of Limited Jurisdiction has brought a conflict between Montana Justice and City Court Rules of Civil Procedure 23 C and 23D and § 25-13-402, MCA, to the attention of this Court. Rule 23D allows a writ of execution to remain in effect for 120 days from the date of *issuance*. However, § 25-13-402, MCA, allows a sheriff or levying officer to execute a writ no later than 120 days after *receipt* of the writ. Consequently, Rule 23D, and the text in the sample form appended to Rule 23C, incorrectly shorten the amount of possible time a sheriff or levying officer has to execute a writ by statute.

Therefore, in order to conform the procedural rules to the time frames established by statute,

IT IS ORDERED that, effective on the date of this order,

1. Rule 23D of the Montana Justice and City Court Rules of Civil Procedure is amended to read:

D. RETURN OF EXECUTION. The writ of execution shall remain in effect for 120 days from the date of receipt by the sheriff or levying officer and may be served multiple times during that period at the direction of the judgment creditor.

2. The standardized form in Rule 23C is amended to read "and return of this writ not less than 10 days nor more than 120 days after the date of receipt."

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and mail copies of this Order to:

The Code Commissioner and Director of Legal Services for the State of Montana;

The Judges of the Courts of Limited Jurisdiction of the State of Montana;

James H. Goetz, Chairman of the Advisory Commission on Rules of Civil and Appellate Procedure;

The President and Executive Director of the State Bar of Montana with the request that this order be published in the next available issue of *The Montana Lawyer* and on the State Bar's Webpage;

The State Reporter Publishing Company with the request that this order be published in the *State Reporter*; and

The State Law Librarian with the request that this order be published on the State Law Library's Webpage.

DATED this 26th day of February, 2002.

Chief Justice

Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

FEB 2 5 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE AMENDMENT    )
OF MONTANA JUSTICE AND CITY COURT    )   ORDER
RULE OF CIVIL PROCEDURE 4C    )

The Commission on Courts of Limited Jurisdiction has requested that a sample civil summons form be added the Montana Justice and City Court Rules of Civil Procedure for use by those courts. The Commission believes this form will clearly indicate to defendants what their responsibilities and options are upon receiving service of the summons.

Our review of the Montana Justice and City Court Rules of Civil Procedure indicates that the proposed form is in compliance with the current rules, including specifically Rule 4C which governs the required form of process. Therefore,

IT IS ORDERED, effective on the date of this order, that the sample civil summons form attached to this Order be included in the Montana Justice and City Court Rules of Civil Procedure as an appendix to Rule 4C;

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and mail copies of this Order to:

The Code Commissioner and Director of Legal Services for the State of Montana;

The Judges of the Courts of Limited Jurisdiction of the State of Montana;

James H. Goetz, Chairman of the Advisory Commission on Rules of Civil and Appellate Procedure;

The President and Executive Director of the State Bar of Montana with the request that this order be published in the next available issue of *The Montana Lawyer* and

on the State Bar's Webpage;

The State Reporter Publishing Company with the request that this order be published in the *State Reporter*; and

The State Law Librarian with the request that this order be published on the State Law Library's Webpage.

DATED this 26th day of ~~March~~ February, 2002.

_____
Chief Justice

_____
_____
_____
_____
_____
Justices

_____
Plaintiff/Plaintiff Attorney

_____
Address

_____
Plaintiff/Plaintiff Attorney telephone number

IN THE JUSTICE/CITY COURT OF _____ COUNTY, MONTANA

BEFORE _____, JUSTICE OF THE PEACE/CITY JUDGE.

\* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| _____, )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>_____, )<br>)<br>**Defendant.** )<br>_____) | Civil Case _____<br><br>*SUMMONS* | |

*THE STATE OF MONTANA TO THE ABOVE-NAMED DEFENDANT, GREETINGS:*

You are hereby summoned to answer the Complaint in this action which is filed in the office of the above-entitled Justice of the Peace/City Judge, a copy of which is herewith served upon you. In the event that you deny any or all of the material facts stated in the complaint, you must file your written answer together with a $15.00 answer fee for each Defendant with the above-entitled Court, and serve a copy of your answer upon the Plaintiff or attorney at the address as shown on the . Complaint.

The answer must contain a denial of any or all of the material facts stated in the Complaint that the Defendant believes to be untrue, and also a statement, in plain or direct manner, of any other facts constituting a defense. Any matter not denied shall be deemed admitted. If you fail to answer or assert a counterclaim within twenty (20) days after service of the Complaint and Summons, the Plaintiff may request entry of default judgment against you for the relief demanded in the Complaint.

GIVEN under my hand this _____ day of _____, 200_.

_____
JUDGE/CLERK OF COURT