FILED

September 18 2007



Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

SEP 1 8 2007

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

No. 04-562

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 236

IN THE MATTER OF STEVEN T. POTTS,　　　　)　　OPINION
　　　　　　　　　　　　　　　　　　　　　　)　　A N D
an Attorney at Law.　　　　　　　　　　　　)　　O R D E R

¶1　　Respondent Steven T. Potts (Potts), an attorney licensed to practice law in the State of Montana, objects to the Statement of Costs filed by the Office of Disciplinary Counsel (ODC) on May 29, 2007, stemming from the disciplinary proceeding against Potts before the Commission on Practice of the Supreme Court of the State of Montana (the Commission). Potts also requests a hearing before an Adjudicatory Panel pursuant to Rule 9A(8), Montana Rules for Lawyer Disciplinary Enforcement (MRLDE), and this Court's decision in *In re Potts*, 2007 MT 81, 336 Mont. 517, 158 P.3d 418. We deny Potts's objections to ODC's Statement of Costs. We grant Potts's request for a hearing before an Adjudicatory Panel regarding the reasonableness of ODC's costs.

¶2　　Potts misapprehends the scope and application of the MRLDE. He suffers from the misimpression that M. R. App. P. 33 and related Montana statutes control the issue of costs imposed as part of the discipline and sanction by the Court for Potts's violation of various provisions of the Montana Rules of Professional Conduct (MRPC). We take this opportunity to disabuse Potts, specifically, and all members of the Bar, generally, of the proper application and interpretation of the MRLDE.

¶3    The Commission entered its Findings of Fact, Conclusions of Law, and Recommendations on January 5, 2006, regarding a complaint filed against Potts. The Commission concluded that Potts violated Rules 1.2(d) and 3.3(a)(2) of the MRPC during his representation of heirs in a will contest. The Commission recommended that this Court publicly censure Potts and suspend him from the practice of law for a period of thirty days. The Commission further recommended that the Court order Potts to pay the "costs of these proceedings."

¶4    We adopted the Commission's Findings of Fact and Conclusions of Law, but we elected to revise the recommended discipline and sanction. *Potts*, ¶¶ 79-80. We chose to impose a public censure, without any suspension, along with the costs of the disciplinary proceedings before the Commission as the appropriate discipline and sanction for Potts's violation of the MRPC. *Potts*, ¶¶ 80 and 82. We censured Potts at a public session of this Court on May 2, 2007. *Potts*, ¶ 81. Potts chose not to make any statement to the Court at the censure; he instead elected to have his counsel address the Court. Potts's counsel assured the Court that Potts accepted the Court's decision.

¶5    We further directed ODC to assemble and serve upon Potts an itemized list of the costs and expenses incurred in this matter. *Potts*, ¶ 82. ODC filed its Statement of Costs on May 29, 2007. Potts's acceptance of the Court's decision at his public censure apparently did not include the Court's decision to impose costs as part of the discipline and sanction pursuant to Rule 9(A)(8), MRLDE. Potts timely filed his objection to the costs on June 8, 2007, and at the same time requested a hearing before an Adjudicatory Panel.

2

¶6    Potts presents the following objections to ODC's Statement of Costs:

¶7    1. That ODC failed to claim costs within a timely manner as required by § 25-10-501, MCA, and § 25-10-503, MCA; and

¶8    2. That ODC improperly included costs not contemplated by § 25-10-201, MCA.

## BACKGROUND

¶9    Our order in *Potts* directed Potts to "pay, or make arrangements to pay, the costs of the proceedings before the Commission." *Potts*, ¶ 82. We further directed ODC to assemble and serve upon Potts an itemized lists of the "costs and expenses" incurred in this matter. *Potts*, ¶ 82. ODC assembled and served upon Potts its Statement of Costs on May 29, 2007.

¶10   ODC requested costs of $10,388.96, including $7,553.55 for ODC, and $2,835.41 for the Commission. ODC's requested costs include travel, lodging, and meals for ODC investigation in Great Falls and for the hearing in Great Falls before the Commission on July 27, 2005. ODC's requested costs also include the costs of depositions, fees for professional services provided by several lawyers, and copying charges. ODC's requested costs for the Commission include the transcript of the hearing and travel expenses to Great Falls for the hearing for participating Commission members.

## DISCUSSION

¶11   Potts argues first that M. R. App. P. 33 governs costs in all civil cases. M. R. App. P. 33(d) provides that costs should be taxed pursuant to "Montana Code Annotated, sections 25-10-101, 25-10-102, 25-10-103, and 25-10-105." Section 25-10-501, MCA, and § 25-10-503, MCA, in turn, set forth the process by which a party may claim costs in

3

a civil action at the district court and on appeal. Section 25-10-501, MCA, provides that a party must serve a bill of costs within five days after the decision of the district court. Section 25-10-503, MCA, provides a 30-day window in which a party must file a bill of costs on appeal. As a result, Potts contends that ODC had to claim costs within five days if the Court's review of the Commission's recommendation in *Potts* constituted an original proceeding, and within thirty days if the Court's review of the Commission's recommendation in *Potts* constituted an appeal.

¶12 Potts points to the fact that we issued our decision in *Potts* on March 22, 2007, and that ODC did not file its Statement of Costs until May 29, 2007. He suggests that our decision in *Delaware v. K-Decorators, Inc.*, 1999 MT 13, ¶ 71, 293 Mont. 97, ¶ 71, 973 P.2d 818, ¶ 71, holds that ODC's untimely claim of costs waives its right to receive costs. *Delaware* simply stands for the proposition that a party must file a memorandum of costs within five days after the jury returns its verdict. *Delaware*, ¶ 66. Here, of course, ODC did not seek its costs following a jury trial. ODC instead filed its Statement of Costs as directed by the Court in *Potts*. *Delaware*, and its five-day rule, has no application.

¶13 ODC filed its memorandum in opposition on June 28, 2007. ODC counters that the time limits in § 25-10-501, MCA, and § 25-10-503, MCA, do not apply to disciplinary proceedings before the Commission. ODC argues instead that Rule 9(A)(8), MRLDE, controls the assessment of costs in disciplinary proceedings. We agree.

¶14 We declared in *Potts* that this Court "'possesses original and exclusive jurisdiction and responsibility under Article VII, Section 2(3) of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its

4

inherent jurisdiction, in all matters involving admission of persons to practice law in the State of Montana, and the conduct and disciplining of such persons.'" *Potts*, ¶ 31 (quoting Introduction, MRLDE). We specifically adopted and promulgated the MRLDE in 2002 in the exercise of this jurisdiction. Introduction, MRLDE.

¶15 We rejected a similar attempt to limit the ability of the ODC to prosecute lawyer disciplinary complaints in *In the Matter of Joseph Engel, III*, 2007 MT 172, 338 Mont. 179, ___ P.3d ___. Engel argued that the MRLDE did not allow for our review of ODC's objection to the Commission's decision unless ODC first sought reconsideration of the Commission's decision under Rule 14, MRLDE. We explained, however, that Rule 14's limitation of our review to matters that had been reconsidered by the Commission did not apply to formal complaints submitted by ODC. *Engel*, ¶ 20. The apparent ambiguity cited by Engel originated out of the former disciplinary rules that existed before we made "global changes to the lawyer disciplinary system that became effective in July 2002." *Engel*, ¶ 20.

¶16 Potts misplaces reliance on M. R. App. P. 33 as the authority for including costs of the proceedings before the Commission as part of the discipline and sanction imposed against him. M. R. App. P. 33 generally governs costs in civil cases and focuses on costs being awarded to the "successful party" in the underlying litigation. Rule 9(A)(8), MRLDE, by contrast, specifically allows for the assessment of "the cost of the proceedings, investigations and audits" as a form of discipline and sanction to be imposed against the disciplined lawyer. We did not award "costs" to ODC as the "successful party" in the underlying litigation pursuant to M. R. App. P. 33. The Court instead

5

imposed costs against Potts pursuant to Rule 9(A)(8), MRLDE, as part of the discipline and sanction against Potts for his violation of various provisions of the MRPC. *Potts*, ¶ 82.

¶17 Potts's argument founders when set against the plain language of Rule 9(A)(8), MRLDE, regarding the imposition of costs. Rule 9(A)(8), MRLDE, provides no time limit for the filing of a statement of costs by ODC. The only time limit imposed relates to the written objections filed by the lawyer who is the subject of the disciplinary proceedings. Our order in *Potts* likewise contains no time limit regarding the filing of the statement of costs by ODC. The order simply parrots the language in Rule 9(A)(8), MRLDE, regarding the time limit by which Potts could file written objections. *Potts*, ¶ 82.

¶18 Rule 9(A)(8), MRLDE, makes no reference to § 25-10-501, MCA, and § 25-10-503, MCA. It would be anomalous indeed to allow a statute never mentioned anywhere in the MRLDE to limit the scope of the discipline and sanction permitted by Rule 9(A)(8). In fact, to do so would contradict and render meaningless certain provisions of Rule 9(A)(8). For example, Rule 9(A)(8) allows the Court to impose discipline in the form of "[a]ssessment of the cost of the proceedings, investigations and audits." Section 25-10-201, MCA, makes no mention of costs including "investigations and audits." Potts's position would prevent the Court from imposing a sanction against a lawyer that included the cost of the investigations and audits undertaken to develop and prosecute the disciplinary complaint. Nothing in Rule 9(A)(8), MRLDE, hints of such a prohibition.

¶19 Potts also challenges ODC's claims for fees for professional services provided by Taleff Law Office, P.C. (Taleff), and Crowley, Haughey, Hanson, et. al (Crowley). Our unpublished order in *In the Matter of Flaherty*, No. 03-147 (Nov. 9, 2004), unnecessarily muddied the waters on this issue. Flaherty objected to the Commission's Bill of Costs to the extent that it claimed $7,889.85 in fees for professional services provided by a private lawyer. Flaherty contended that the MRLDE made no provision for the payment of fees for professional services. We agreed and concluded that the term "costs," as used in the MRLDE, should be interpreted consistently with "costs" as used in the Montana Code. Although not binding as an unpublished order, we nevertheless take this opportunity to distinguish, and to the extent necessary, overrule our conclusion in *Flaherty* that the Court may not impose attorney's fees as a form of discipline and sanction pursuant to Rule 9(A)(8), MRLDE.

¶20 ODC retained Dennis P. Clarke (Clarke) as special counsel to investigate and prosecute the complaint against Flaherty. The Commission's appointment or recruitment of a private lawyer to serve as "investigator" constituted routine practice before our adoption of the revised MRLDE in 2002. *See e.g.*, *Goldstein v. Commission on Practice*, 2000 MT 8, ¶ 11, 297 Mont. 493, ¶ 11, 995 P.2d 923, ¶ 11. Rule 5(7), MRLDE, similarly authorizes this practice. In fact, Rule 5(7), MRLDE, refers to the duty of ODC to use, appoint, and supervise "special investigators and volunteer special counsel" when circumstances necessitate their use.

¶21 ODC apparently used Clarke in one of these two capacities in *Flaherty*. Clarke investigated the complaint against Flaherty and ultimately prosecuted it in a hearing

7

before the Commission. The Commission determined that Flaherty had violated Rule 1.8(a) and Rule 1.8(b), MRPC, and recommended that Flaherty be suspended for 90 days, that he be publicly censured, and that he pay "the reasonable costs of the proceedings in this matter before the Commission."

¶22 The Court adopted the Commission's recommendations "in their entirety." *In the Matter of Patrick F. Flaherty*, No. 03-147 (Oct. 6, 2004). Flaherty objected to the fees for professional services included in the Commission's statement of costs on the grounds that Rule 9, MRLDE, did not expressly include the term "attorney's fees." We noted that Montana statutes distinguish between "attorney's fees" and "costs," and thus the term "costs" as used in Rule 9, MRLDE, also must not include attorney's fees. This result disregards the fact that Rule 9(A)(8), MRLDE, authorizes the "[a]ssessment of the cost of proceedings, investigations and audits."

¶23 The reasoning in *Flaherty* would preclude the Court from imposing the cost of investigations and the costs of any audits. It strains the imagination how ODC could prosecute a complaint without conducting an investigation, and, occasionally, an audit of financial statements or other data. Rule 5(7), MRLDE, expressly authorizes ODC to use "special investigators" for these purposes. Nothing in Rule 5(7), MRLDE, prevents ODC from paying these special investigators for their services. We did not intend the MRLDE to tie ODC's hands in deciding what resources could be assigned to evaluate and prosecute a complaint. In fact, we left it to ODC's discretion to use outside investigators and counsel "when circumstances necessitate their use." Rule 5(7), MRLDE. We likewise did not intend the MRLDE to limit the Court's options in choosing the

8

appropriate discipline or sanction as Rule 9(A)(8), MRLDE, covers the waterfront in terms of acceptable forms of discipline. And we surely did not intend for § 25-10-201, MCA, to limit the options provided by Rule 9(A)(8), MRLDE, as the rule makes no mention of this statute, or any other statute for that matter.

¶24 Moreover, the result in *Flaherty* conflicted directly with our decision in *In re Johnson*, 2004 MT 6, ¶ 26, 319 Mont. 188, ¶ 26, 84 P.3d 637, ¶ 26, where we directed the disciplined lawyer to "pay his pro rata share (one-fifth) of the costs incurred by the Commission associated with the prosecution of this matter and the other cases referred to above, in accordance with the attached statement of the Secretary of the Commission on Practice." The attached statement of the Commission's Secretary included professional fees for the special counsel. *See also In re Wenz*, 2004 MT 7, ¶ 27, 319 Mont. 200, ¶ 27, 87 P.3d 376, ¶ 27 (same); *In re Marra*, 2004 MT 8, ¶ 27, 319 Mont. 213, ¶ 27, 87 P.3d 384, ¶ 27 (same).

¶25 These decisions comport with Rule 5(7)'s authorization to ODC to "use, appoint, and supervise" private investigators. As noted in *Goldstein*, the Commission referred routinely to outside counsel as "investigators" under the former version of the disciplinary rules. *Goldstein*, ¶ 11. We conclude that § 25-10-201, MCA, in no way limits or constrains the Court's options in imposing discipline or sanctions pursuant to Rule 9, MRLDE. Rule 9(A)(8), MRLDE, authorizes the Court to impose discipline or sanctions that include fees for professional services. To the extent that our order in *Flaherty* suggests otherwise, we overrule it.

¶26 Here Potts argues that ODC listed a representative from Taleff and Crowley as witnesses, but called only Mick Taleff to testify. Potts further asserts that Mr. Taleff appeared at the hearing without a subpoena and thus ODC incurred no witness fees in connection with his testimony. ODC's Statement of Costs lists an expense for professional services from Taleff for services rendered on February 25, 2005. The Commission conducted Potts's hearing on July 27-28, 2005. ODC's Statement of Costs similarly lists expenses for professional services from Crowley for services rendered on May 31, 2005, June 30, 2005, and July 31, 2005. None of these dates correspond with the dates of Potts's hearing. We are left to assume that ODC did not incur these expenses for witness fees.

¶27 Rule 5, MRLDE, sets forth ODC's powers and duties in investigating and prosecuting lawyer disciplinary matters before the Commission. In particular, Rule 5(7), MRLDE, directs ODC to "appoint and supervise" special investigators for the performance of prosecutorial functions when circumstances necessitate their use. It is unclear whether the professional services rendered by Taleff and Crowley relate to investigations conducted by Taleff and Crowley as part of ODC's prosecution of this matter before the Commission. Rule 5(7), MRLDE, authorizes ODC to retain outside investigators to assist in the prosecution of a disciplinary proceeding when circumstances necessitate their use. We cannot evaluate on the record before us for what purpose ODC used Taleff and Crowley. The Adjudicatory Panel must make these assessments in the first instance following a hearing. Potts must pay the reasonable costs of these

10

professional services, however, to the extent that they relate to "the cost of proceedings, investigations and audits," as described in Rule 9(A)(8), MRLDE.

¶28 We turn then to Potts's remaining claim that ODC included other items in its Statement of Costs not authorized by our order in *Potts* or by Rule 9, MRLDE. In particular, Potts takes issue with ODC's claims for investigative costs on the grounds that our order in *Potts* referred only to the "costs of the proceedings before the Commission." Potts also argues that ODC cannot recover for the travel expenses for the participating Commission members to the hearing in Helena on July 27 and 28, 2005.

¶29 We first address Potts's challenge to ODC's claim for investigative costs. Rule 9, MRLDE, covers discipline and sanctions. Rule 9 provides for nine possible forms of discipline. Rule 9(A) specifically provides that the discipline "may take one or more of the following forms." These possible forms of discipline range from disbarment, to private admonition, to assessment of costs. Rule 9(A)(8), MRLDE.

¶30 We opted in *Potts* to impose several forms of discipline, including a public censure and the imposition of "the costs of the proceedings before the Commission." *Potts*, ¶ 82. Potts clings to the Court's use of the term "costs" to argue that ODC cannot recover the costs of investigations and audits in this case. Potts contends that we "specifically limited" ODC to recover only "costs." Potts conveniently ignores the very next sentence of *Potts* in which we direct ODC, pursuant to Rule 9(A)(8), MRLDE, to assemble and serve upon Potts "an itemized list of the costs and expenses incurred in this matter." *Potts*, ¶ 82.

11

¶31 Moreover, Rule 9(A)(8), provides for the "[a]ssessment of the cost of the proceedings, investigations and audits." Rule 5(11), MRLDE, likewise directs ODC to assemble and serve on the disciplined lawyer "an itemized list of the costs of proceedings, investigations and audits" whenever "*costs* have been assessed against a lawyer by the Supreme Court." (Emphasis added). It appears that the MRLDE opted for the more generic term "costs" when referring to the potential "[a]ssessment of the cost of proceedings, investigations and audits" contained in Rule 9(A)(8). We assessed "costs" in *Potts*, ¶ 82, and these costs comprise the costs of the proceedings, investigations and audits. Rule 9(A)(8), MRLDE.

¶32 Potts contends nevertheless that our omission of the terms "investigations and audits" from our order in *Potts* represents the law of the case and precludes ODC from seeking to recover the expenses associated with these matters. Potts cites to *Muri v. Frank*, 2003 MT 316, ¶ 11, 318 Mont. 269, ¶ 11, 80 P.3d 77, ¶ 11, for the proposition that "a prior decision of this Court resolving an issue between the same parties is binding and may not be relitigated."

¶33 The law of the case doctrine expresses the practice of courts generally to refuse to reopen matters already decided. *Scott v. Scott*, 283 Mont. 169, 175, 939 P.2d 998, 1001 (1987). The law of the case binds the parties, however, regarding only those issues that the Court previously has decided. *In re Estate of Snyder*, 2007 MT 146, ¶ 27, 337 Mont. 449, ¶ 27, 162 P.3d 87, ¶ 27. Potts's law of the case argument thus relies upon his claim that we somehow elected to limit the matters for which ODC could recover to the "costs of the proceedings before the Commission." Once again Potts seeks to limit the Court's

12

discretion in imposing the appropriate discipline and sanction in a manner not contemplated by Rule 9(A)(8), MRLDE. *See also* Rule 5(11), MRLDE.

¶34 Potts finally takes issue with the amount that ODC claims for travel expenses for the participating Commission members to the hearing in Helena on July 27 and 28, 2005. ODC requested $700.41 for these expenses, including mileage, food, and accommodations. Potts first claims that § 25-10-201, MCA, does not allow for such costs. He further argues that the Commission must have heard other matters during its time in Helena for Potts's hearing. As a result, Potts suggests, without citing any particular authority, that it would be "neither fair nor proper to allocate such costs to this proceeding." He suggests that the Commission's expenses should be pro rated among the other lawyers who had their disciplinary proceeding before the Commission on those same days.

¶35 We quickly dispense with Potts's claim that § 25-10-201, MCA, does not allow the Court to impose the Commission's travel expenses as a discipline and sanction for Potts's violation of various provisions of the MRPC. As we discussed previously, Rule 9, MRLDE, sets forth the available range of discipline and sanctions that the Court may impose in a lawyer disciplinary proceeding. Section 25-10-201, MCA, in no way limits or constrains the Court's options in imposing discipline or sanctions pursuant to Rule 9, MRLDE.

¶36 We turn then to Potts's dispute with the amount of the Commission's travel expenses sought by ODC. The record indicates that the following Commission members participated in Potts's hearing: Chairman John Warren, Tracy Axelberg, Jan Brown,

13

James F. Jacobsen, Carey E. Matovich, Arthur J. Noonan, and Mary Jo Ridgeway. All of the participating members, except for Commissioner Brown and Commissioner Jacobsen, live outside Helena. The record further indicates that Potts's hearing convened at 1:30 p.m. on July 27, 2005. The proceedings adjourned at 5:05 p.m. on that day. The Commission reconvened on July 28, 2005, at 9:00 a.m., and the hearing concluded at 4:10 p.m.

¶37 The participating Commission members would have needed lodging for the night of July 27, 2005. ODC seeks lodging expenses of $60 per night plus tax. The costs for the five non-Helena members would be $300 plus tax. All seven participating members would be entitled to food expenses for both days of the hearing. These food costs, at the rate of $23 per day, would be $322. The combined costs of lodging and food totals more than $622, which leaves less than $80 for mileage for the participating members at a rate of $0.445 per mile. Chairman Warren lives in Dillon, Commissioner Axelberg lives in Kalispell, Commissioner Matovich lives in Billings, Commissioner Noonan lives in Butte, and Commissioner Ridgeway lives in Miles City. Nothing in the MRLDE gives Potts the right to select Commission members only from the community in which the hearing will be held in order to defray costs. We deem Potts's objections to these Commission travel expenses to border on frivolous and a waste of the Court's time.

¶38 We further remind Potts's counsel that M. R. Civ. P. 11, although not directly applicable to disciplinary proceedings, provides that a lawyer's signature on a pleading constitutes a certification that the signer "has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable

inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The Court questions whether Potts's challenge to the Commission's travel expenses could pass this test.

**ORDER**

**THEREFORE IT IS ORDERED:**

¶39 1. Potts's objection to ODC's Statement of Costs as being untimely filed is DENIED;

¶40 2. Potts's objection to ODC's inclusion in its Statement of Costs of items not specifically enumerated in § 25-10-201, MCA, is DENIED;

¶41 3. Potts's request pursuant to Rule 9(A)(8), MRLDE, for a hearing before an Adjudicatory Panel is GRANTED to the extent that the Adjudicatory Panel shall consider the reasonableness of the amount requested by ODC for each category. The Adjudicatory Panel shall not evaluate the propriety of each category requested by ODC as we have determined that issue in this Order and our determination on the merits constitutes the law of the case. *Snyder*, ¶ 27.

¶42 4. It is further ordered that ODC shall assemble and serve upon Steven T. Potts an updated itemized list of costs for consideration by the Court following the hearing before the Adjudicatory Panel. The updated itemized list of costs shall include the costs of the proceedings, investigations and audits incurred by ODC and its retained representatives in preparation for, and during, the hearing before the Adjudicatory Panel regarding

15

Potts's objections to ODC's original Statement of Costs. Steven T. Potts shall then have 10 days thereafter to file written objections and, if he desires, to request a second hearing before an Adjudicatory Panel.

¶43    5. The Clerk of this Court is directed to mail copies of this Order to Steven T. Potts by certified mail, return receipt requested, and by ordinary mail to Steven T. Potts's attorney, the Chairman and the Secretary of the Commission on Practice, the Office of Disciplinary Counsel, the Executive Director of the State Bar of Montana, and by electronic transmission to all Clerks of the District Courts of the State of Montana and to all District Judges.

DATED this __18th__ day of ~~August~~ September, 2007.

_____
_____
_____
Justices

_____
Honorable John C. McKeon, District Judge, sitting in place of Chief Justice Karla M. Gray

_____
Honorable Holly Brown, District Judge, sitting in place of Justice Patricia Cotter

16

Honorable Jeffrey M. Sherlock, District Judge,
sitting in place of Justice W. William Leaphart

Honorable Kurt Krueger, District Judge, sitting
in place of Justice James C. Nelson

17