# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2001 MT 257

_____

| | |
|---|---|
| IN RE THE CREATION OF THE OFFICE | ) |
| OF DISCIPLINE COUNSEL; THE | ) |
| THE ADOPTION OF STRUCTURAL | ) |
| CHANGES TO THE COMMISSION | ) O R D E R |
| ON PRACTICE; AND THE ADOPTION | ) |
| OF CHANGES TO MONTANA'S | ) |
| SYSTEM OF DISCIPLINING LAWYERS. | ) |

_____

### *Introduction*

1. ¶Over the past decade Montana's system for disciplining lawyers has been studied, criticized, lauded and litigated. Some maintain that this system is not broken and does not need to be fixed. Others argue that flaws inherent in the structure of the system threaten the constitutional rights of those caught up in its processes. Still others maintain that our current system does not adequately protect the public from

unethical members of the Bar.

2. ¶Whatever truth there may be in any of these positions, the fact is that for decades countless good and decent lawyers have devoted immeasurable hours of their time; have, in many instances, contributed their own funds; have sacrificed their practices; and have selflessly given of their collective experience and good judgment to the cause of disciplining errant members of their profession. For that service and to those who continue to serve this cause, the Bench and Bar, in general, and this Court, in particular, are grateful.

3. ¶However, there is no institution or process that cannot be improved. What might have been accepted and acceptable in the past, is unacceptable in the present. Whether changes are necessitated by actual or simply perceived shortcomings, at some point, those charged with the responsibility for the system must act to preserve the integrity of the institution and public and professional confidence in its processes and work product. This Court is now at that point.

4. ¶In our January 9, 2001 Order *In the Matter of Revisions of the Rules for Lawyer Disciplinary Enforcement*, we acknowledged the State Bar of Montana's (Bar) request for and our need to consider improvements to Montana's lawyer disciplinary enforcement system. Though we adopted changes to Montana's Rules for Disciplinary Enforcement on petition of the Commission on Practice (Commission) in our Order of September 21, 2000, we specifically declined to address the Bar's suggested structural changes to our system for disciplining lawyers until this Court was reconstituted this year. That accomplished, our January 9, 2001 Order started a process of study and meetings which culminated in the Bar and Commission submitting to this Court on September 5, 2001, a *Proposed Disciplinary Structure* report.

5. ¶Having carefully considered and deliberated on this report, along with the comments and discussion made at the September 5, 2001 public meeting attended by representatives of the Court, the Bar, the Commission and members of the public, and further comments and suggestions made by the Bar and the Commission in response to a draft of certain portions of this order, we have determined that the following changes to Montana's system and structure for disciplining lawyers shall be made:

## *Office of Discipline Counsel*

1. ¶There is created an Office of Discipline Counsel which shall be staffed by an attorney licensed to practice law in Montana and who shall perform the duties of

Discipline Counsel hereafter set forth; by an administrative assistant; and by a person who has the qualifications of both a paralegal and an investigator. Discipline Counsel shall be hired by and shall be subject to the supervision of this Court. Other Office of Discipline Counsel staff shall be hired by Discipline Counsel and shall be subject to the supervision and direction of Discipline Counsel.

2. ¶Discipline Counsel and staff shall be employees of the Bar for administrative purposes only and shall be paid by and provided employment benefits by the Bar from dues payments assessed members of the Bar for this purpose as are, from time to time, determined by this Court. Salaries of Discipline Counsel and staff shall be determined and set by this Court.

3. ¶Discipline Counsel and staff shall be officed in discrete space, separate from the offices of the Bar and separate from the administrative offices and staff of the Commission.

4. ¶The Office of Discipline Counsel shall perform certain "central intake" functions including: receiving, by telephone, complaints regarding lawyers from members of the public; making referrals regarding these complaints as appropriate while insuring that any member of the public who wishes to make a complaint is able to do so; sending to the potential complainant a packet of written materials containing appropriate forms, instructions and discussion of Montana's lawyer disciplinary process; and receiving written complaints on the forms provided.

5. ¶Discipline Counsel shall have the following duties and those other duties assigned by this Court in its discretion from time to time: Discipline Counsel shall preliminarily review each written complaint received by the Office of Discipline Counsel and shall determine whether the complaint involves a matter of lawyer discipline over which the Commission has jurisdiction. Where the complaint appears to be not within the jurisdiction of the Commission, Discipline Counsel shall so advise the complainant in writing and determine whether the complainant still wishes to proceed with the complaint. Where the complaint appears to be within the jurisdiction of the Commission or where the complainant otherwise wishes to proceed with the complaint, Discipline Counsel shall: send a copy of the complaint for response to the attorney against whom the complaint is made; if appropriate, request a reply to the response from the complainant; in each case, prepare an intake summary and recommendation to the Commission, including a recommendation of dismissal where the complaint is not within the jurisdiction of the Commission; and, if warranted under the Rules of Lawyer Disciplinary Enforcement, recommend temporary suspension of the lawyer to the Commission, which then may or may not recommend temporary suspension to this Court.

6. ¶Additionally, Discipline Counsel shall: investigate complaints referred from the Commission Review Panel(s); present written reports of investigation and appear before the Commission to orally supplement reports of investigation; draft and prosecute complaints requiring interim suspension and formal complaints filed before the Commission; recommend discipline to the Commission; and advocate findings of fact and conclusions of law resulting from Commission discipline proceedings.

7. ¶Discipline Counsel shall have no authority to dismiss any complaint or impose any form of discipline on any lawyer.

8. ¶Discipline Counsel shall be the chief administrative officer of the Office of Discipline Counsel with authority and responsibility to supervise and direct the operations of the office and of all staff; to prepare budget recommendations; to prepare Bar member dues assessment recommendations; and to make recommendations, generally, to this Court regarding the lawyer discipline system.

### *Structural Changes to the Commission*

1. ¶The Commission shall, at a date to be determined by further Order of this Court, organize itself and operate in one or more Review Panels and in one or more Adjudicatory Panels as hereinafter set out. All matters pending on the aforementioned date shall continue to be processed under the procedure and rules then in use and effect. Complaints against members of the Bar received by the Office of Discipline Counsel on and after the date aforementioned shall be processed under the panel system.

2. ¶Three new members shall be added to the Commission. Two new members shall be non-lawyers and one new member shall be a lawyer licensed to practice in Montana. The new lawyer member shall be a member "at large" and may be appointed from any of the presently existing areas as set forth in Rule 1 of the Rules for Lawyer Disciplinary Enforcement. The manner of election and appointment of the three new members shall be in accordance with Rule 1, except to the extent modified herein.

3. ¶The fourteen-member Commission shall, under the direction of its Chairperson, organize itself into one or more Review Panels consisting of five persons and one or more Adjudicatory Panels consisting of nine persons. The Chairperson shall, from time to time, realign the membership of the panels providing always for a fair representation of lawyers and non-lawyers on each panel. The Commission shall determine the frequency, method, place and scheduling of panel meetings, subject to the direction of this Court in this document and as otherwise ordered from time to

time.

4. ¶The administrative staff of the Commission shall track the panel membership insuring that no Review Panel member who sits on a particular case also sits on the Adjudicatory Panel for that case or otherwise deals with that case in any manner. The administrative staff of the Commission shall also take minutes of panel meetings and perform such other duties as the Commission shall, from time to time, direct.

5. ¶The Review Panel(s) shall: review the complainant's complaint, the response from the attorney against whom the complaint was made and any reply from the complainant along with relevant documents, Discipline Counsel's intake summary, and any report of investigation and recommendations by Discipline Counsel; determine and decide preliminary and procedural matters; refer the complaint to Discipline Counsel for further investigation or filing of a formal complaint and, if appropriate, a complaint requesting interim suspension, when the facts appear to warrant disciplinary action; or dismiss the complaint when the facts do not appear to warrant disciplinary action.

6. ¶The Adjudicatory Panel(s) shall, in accordance with the specific procedures and provisions of the Rules for Lawyer Disciplinary Enforcement: hear, determine and make findings of fact, conclusions of law and recommendations to this Court as to all formal complaints and complaints for interim suspension filed against lawyers by Discipline Counsel.

### *Miscellaneous*

1. ¶There shall be no "term limits" for members of the Commission.
2. ¶The date of implementation for the foregoing and the amount of dues assessment to the members of the Bar by this Court to fund the Office of Discipline Counsel and the structural changes to the Commission will be determined and set by subsequent Order. It is expected, however, that the changes effected by this Order will be implemented prior to July 1, 2002.
3. ¶The foregoing is a general statement of intent by this Court regarding the matters discussed herein. We contemplate that there are and will be a myriad of details to be worked out with all those concerned and involved; that amendments to the Rules for Lawyer Disciplinary Enforcement will be necessary to implement these changes; and that there will likely be further Orders refining and clarifying these matters as necessary.
4. ¶Finally, we gratefully acknowledge the hard work and professional guidance that

the Commission, its administrative staff, and the Bar and its administrative staff have provided to this Court in connection with the foregoing. We realize that this has been and will be a difficult transition for many. Nonetheless, we are satisfied that these changes in Montana's system for disciplining lawyers will improve the system for the benefit of the members of the Bar; for the benefit of the profession as whole; and for the benefit of the public we all serve.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of this Court shall give notice of this Order by mail to: the Chairman of the Commission and to each member thereof; to the President and Executive Director of the Bar, with the request that this order be published prominently in the next issue of the *Montana Lawyer* and posted to the Bar's webpage; to the State Law Librarian for the State of Montana with the request that this Order be posted to the State Law Library's webpage; to the State Reporter Publishing Company; and to WestGroup. DATED this 11th day of December, 2001.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JIM RICE