

No. 05-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 215

---

IN THE MATTER OF JOSEPH ENGEL, III,          )
                                             )          O P I N I O N
An Attorney at Law.                          )            A N D
                                             )          O R D E R
                                             )
          Respondent.                        )

---

¶1      Respondent Joseph Engel, III (Engel) filed an objection to the Orders and Opinions rendered in *In re Engel*, 2007 MT 172, 338 Mont. 179, 169 P.3d 345 [hereinafter *Engel I*], and *In re Engel*, 2008 MT 42, 341 Mont. 360, 177 P.3d 502 [hereinafter *Engel II*].  Our Order of March 13, 2008, directed Engel and the Office of Disciplinary Counsel (ODC) to file briefs addressing the Court's subject matter jurisdiction to impose a discipline upon Engel.  Engel and ODC filed their briefs and we now deny Engel's petition.

¶2      We determined in *Engel I* that Engel had violated Rules 1.5, 1.15, and 1.18, of the Montana Rules of Professional Conduct (MRPC).  *Engel I*, ¶ 48.  In *Engel II*, we declined to follow the recommendation of the Commission on Practice of the Supreme Court of the State of Montana (the Commission) that Engel's discipline be limited to a public censure and the cost of the disciplinary proceedings.  *Engel II*, ¶ 2.  We instead determined that Engel's conduct also warranted a sixty-day suspension from practice.  *Engel II*, ¶ 38.  We directed Engel to appear before the Court on March 18, 2008, for

administration of the public censure and further directed that Engel's sixty-day suspension would commence as of the date of the public censure. *Engel II*, ¶¶ 36, 38.

¶3 Engel filed a motion for leave to file a petition for withdrawal of opinions in *Engel I* and *Engel II*, dismissal, and a request for oral argument. Engel alleged that the process by which the Court has reviewed his disciplinary proceeding has deprived the Court of subject matter jurisdiction over the formal complaint filed by ODC against Engel. Engel also raises procedural due process issues. ODC filed a brief in opposition to Engel's motion. We vacated Engel's scheduled public censure and directed the parties to file briefs addressing the issue of the Court's subject matter jurisdiction.

## STANDARD OF REVIEW

¶4 Whether a court possesses subject matter jurisdiction presents a question of law. We review a fact finder's conclusions of law to determine whether they are correct. *Boe v. Court Adm'r for the Mon. Jud. Branch*, 2007 MT 7, ¶ 5, 335 Mont. 228, ¶ 5, 150 P.3d 927, ¶ 5. Whether a party has been denied a due process right presents a constitutional law question. We exercise plenary review of constitutional law questions. *State v. Racz*, 2007 MT 244, ¶ 13, 339 Mont. 218, ¶ 13, 168 P.3d 685, ¶ 13.

## DISCUSSION

¶5 The Court finds it difficult to square Engel's subject matter jurisdiction argument with the nature of the Court's role in the attorney discipline system. As we have noted on several occasions, this Court "'possesses original and exclusive jurisdiction and responsibility'" in all matters involving the disciplining of lawyers in the state of

2

Montana. *See In re Potts,* 2007 MT 81, ¶ 31, 336 Mont. 517, ¶ 31, 158 P.3d 418, ¶ 31 (quoting Introduction, Montana Rules for Lawyer Disciplinary Enforcement (MRLDE)); *Engel I*, ¶ 18 (same); *In re Potts,* 2007 MT 236, ¶ 14, 339 Mont. 186, ¶ 14, 171 P.3d 286, ¶ 14 (same); and *Engel II*, ¶ 3 (same).

¶6     This authority derives from the 1972 Montana Constitution. Article VII, Section 2(3) provides that the Court may make rules governing "admission to the bar and the conduct of its members." Moreover, the regulation of lawyers in Montana "is a matter peculiarly within the inherent powers of this Court, subject, of course, to constitutional guaranties . . . ." *Goetz v. Harrison*, 153 Mont. 403, 404, 457 P.2d 911, 912 (1969). Rule 7, MRLDE, further provides that any lawyer admitted to practice in the State of Montana "is subject to the disciplinary jurisdiction of the Supreme Court of the State of Montana." Engel challenges only the process by which the Court came to review the complaint against him.

¶7     A brief review of that process is in order. Rule 11(5), MRLDE, empowers the Commission to request that ODC prepare and file a formal complaint. *See also* Rule 3(B)(5), MRLDE. At the request of a review panel of the Commission, ODC filed a formal complaint against Engel on March 25, 2005. Once ODC initiated the formal disciplinary proceeding, the Commission's authority ended to resolve the complaint against Engel without a review by the Court. For example, Rule 13, MRLDE, allows the Commission, in its discretion, to give a lawyer a private admonition "in the name of the Supreme Court . . . ." Rule 13, MRLDE, limits the Commission's discretion, however, to

3

"any time before initiation of formal disciplinary proceedings . . . ." ODC filed a formal complaint at the Commission's request and thereby triggered the Court's review of any disposition of the complaint against Engel.

¶8    The complaint proceeded through a hearing. An adjudicatory panel of the Commission issued findings of fact, conclusions of law, and a recommendation on November 16, 2006. The Commission recommended that the complaint against Engel be dismissed. Rule 12(C)(3), MRLDE, authorizes the Commission to recommend "for discipline or other disposition . . ." of formal complaints. *See also* Rule 4(B)(2), MRLDE. The Commission opted for the "other disposition" in the form of recommending that the complaint be dismissed. Engel makes no complaint of the process afforded to him through that point. Engel challenges what happened next.

¶9    Engel contends that the disciplinary process should have ended upon the Commission recommending that the complaint be dismissed. He points to the fact that Rule 16, MRLDE, contemplates that the Court's review of the Commission's proceeding will be limited to a recommendation of discipline. The Commission recommended no discipline here, and, therefore, Engel contends that the Court has no power to review the Commission's proposed disposition. Engel correctly notes that Rule 16, MRLDE, first discusses serving the lawyer with a copy of the Commission's "recommendation of discipline . . . ." This service provides the lawyer with the chance to file any objections to the Commission's recommendation. Rule 16, MRLDE. Rule 16 makes no provision for ODC filing an objection to the Commission's recommendation.

4

¶10    Rule 16 provides, however, that the Court "shall determine the appropriate discipline, if any, authorized by these rules" upon expiration of the time for the lawyer filing an objection to the Commission's recommendation. Rule 16 further provides that the Court "shall consider the matter, issue its written decision, and impose such discipline if any, *as it considers appropriate*." (Emphasis added). Thus, Rule 16 imposes two limitations on the Court's power to impose discipline: (1) discipline authorized by the rules; and (2) discipline that the Court considers appropriate. The Court determined that a public censure, sixty-day suspension, and imposition of the costs of the proceedings against Engel would constitute the appropriate discipline. Rule 9, MRLDE, specifically authorizes suspension, public censure, and imposition of the costs of the proceedings as appropriate forms of discipline.

¶11    The directive in Rule 12(C)(3) that the Commission shall make "a recommendation to the Supreme Court for discipline or other disposition of the case" further undermines Engel's claim that the Commission's dismissal recommendation should have ended the case. The Commission elected to recommend for "other disposition" in the form of the dismissal of the complaint against Engel. The Commission's authority stops upon making a recommendation of a proposed disposition. The Court retains the ultimate authority to determine the appropriate discipline. Rule 16, MRLDE.

¶12    Engel relies largely on cases where a court reversed disciplinary charges where some sort of procedural due process violation had infected the proceedings. In

5

*Disciplinary Counsel v. Simecek*, 699 N.E.2d 933, 934 (Ohio 1998), the Ohio Supreme Court upheld three misconduct charges against a lawyer, but dismissed three others. The dismissed charges stemmed from the determination of a disciplinary panel that the lawyer's conduct violated not only the three charges originally contained in the complaint, but that the lawyer's conduct also violated three additional provisions of the disciplinary rules not contained in the complaint. The court refused to condone what it deemed to be a serious violation of the lawyer's right to procedural due process. *Simecek*, 699 N.E.2d at 934-35.

¶13 The court in *Simecek* analogized the procedural due process violation to the one addressed in *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222 (1968). Engel also relies upon *Ruffalo*. The lawyer disciplinary board in *Ruffalo* added a misconduct charge after it had heard the testimony against a lawyer. The Court stated that a lawyer in a disciplinary proceeding is "entitled to procedural due process, which includes fair notice of the charge." *Ruffalo*, 390 U.S. at 550, 88 S. Ct. at 1226. The charge must be known before the proceedings begin to avoid laying a trap for the accused. The Court held that the absence of fair notice "as to the reach of the grievance procedure and the precise nature of the charges . . ." had deprived the lawyer of procedural due process. *Ruffalo*, 390 U.S. at 552, 88 S. Ct. at 1226.

¶14 The proceedings against Engel suffer from no similar infirmity. ODC filed the formal complaint against Engel. ODC's original complaint alleged that Engel had committed four counts of professional misconduct. *Engel I*, ¶ 15. At no time did ODC

6

or the Commission add new charges of misconduct. Engel takes issue, however, with the fact that the Commission determined that no clear and convincing evidence supported the allegations in ODC's complaint. The Commission initially had recommended that this Court dismiss the complaint. *Engel I*, ¶ 17. Engel contends that the proceedings should have ended upon the Commission's initial recommendation.

¶15 Engel points to the fact that Rule 14, MRLDE, provides that a complainant unsatisfied with the Commission's disposition of a complaint may petition for reconsideration within thirty days of receipt of notice of the Commission's disposition of the complaint. He argues that ODC failed to file a petition for reconsideration within thirty days of the Commission's recommendation that the complaint against Engel be dismissed. ODC's failure, he argues, ended the matter. We rejected this claim in *Engel I*. We noted the problems with the language of Rule 14, MRLDE, but concluded that Rule 14's reconsideration requirements applied only to informal complaints filed by a private party rather than a formal complaint pursued by ODC. *Engel I*, ¶¶ 20-21.

¶16 Engel also points to other cases in which the court rejected the recommendation of a lawyer disciplinary board when the board sought to apply a rule retroactively to the past conduct of a lawyer. The lawyer disciplinary board in *In re Disciplinary Proceeding Against Haley*, 126 P.3d 1262 (Wash. 2006), recommended that a lawyer, proceeding pro se, had violated a rule that limited contact between a lawyer representing a party and an opposing party. The lawyer had written a letter directly to the opposing party and had left a message on the telephone answering machine at the opposing party's home. *Haley*,

7

126 P.3d at 1264. The Washington supreme court dismissed this count even though it agreed with the board's interpretation of the no contact rule. The court determined that the "absence of a prior decision from this court, along with presence of conflicting or equivocal authority from other jurisdictions and legal commentaries . . ." rendered the rule impermissibly vague and, thus, subject only to prospective application. *Haley*, 126 P.3d at 1269.

¶17 The rule at issue in *Haley* went to the permissibility of the lawyer's underlying conduct. We face no similar ambiguity in the clarity of the rules that Engel violated regarding the reasonableness of his fee or his failure to put a client's retainer fee into a trust account. Nothing changed with respect to the application of Rule 1.5, MRPC, regarding the reasonableness of Engel's fee, or to the application of Rules 1.15 and 1.18, MRPC, regarding Engel's failure to deposit a client's retainer fee into a trust account. Likewise, nothing in these rules or their application raises constitutional concerns similar to those presented in *Matter of Keller*, 213 Mont. 196, 693 P.2d 1211 (1984). There the Court held that First Amendment concerns trumped ethical rules relating to statements by lawyers regarding pending cases. *Keller*, 213 Mont. at 202, 693 P.2d at 1214. No competing constitutional provision protects Engel's right to charge an unreasonable fee or undermines Engel's duty to deposit client retainer fees into a trust account.

¶18 Finally, Engel contends that the Court adopted the MRLDE and that the Court should be bound strictly by them. The court in *Matter of Thalheim*, 853 F.2d 383 (5th Cir. 1988), dismissed a suspension against a lawyer based upon the district court's failure

8

to follow its own procedural rules in a disciplinary proceeding. *Thalheim*, 853 F.2d at 390. The federal judicial district in question had adopted procedural rules that called for a district judge to appoint a panel of three lawyers from its standing committee to investigate allegations of misconduct by a lawyer. *Thalheim*, 853 F.2d at 387.

¶19 The three-lawyer panel recommended that the evidence of misconduct did not warrant formal disciplinary proceedings. The district court nevertheless appointed a special counsel to prosecute the alleged misconduct and proceeded to hold a two-and-a-half hour hearing. The presiding district court judge issued a memorandum after the hearing in which he stated that he had found the allegations of misconduct to be true. *Thalheim*, 853 F.2d at 386. The district court's memorandum further recommended that the lawyer be suspended for a year on the basis of his misconduct. A majority of the district judges in the federal judicial district agreed with the memorandum's finding of misconduct and increased the suspension to two years. *Thalheim*, 853 F.2d at 386.

¶20 The Fifth Circuit reversed. The court announced that federal district courts are bound by their own disciplinary rules when proceeding against lawyers for violations of ethical standards. *Thalheim*, 853 F.2d at 390. The court ruled that the district court had usurped its authority when it disregarded the discretion of the three-lawyer panel as to whether to initiate disciplinary proceedings against the lawyer. The court concluded that the rules did not authorize the district court to appoint a special counsel to prosecute disciplinary cases "if the investigative attorney panel has *not* recommended institution of formal disciplinary proceedings . . . ." *Thalheim*, 853 F.2d at 388 (emphasis in original);

9

*see also In re Bird*, 353 F.3d 636 (8th Cir. 2003) (district court's deviation from its procedural rules in a lawyer disciplinary proceeding constituted harmless error).

¶21 Engel's challenge presents no similar usurpation of the prosecutorial function by the court. A review panel of the Commission, which performs a role similar to the three-lawyer panel in *Thalheim*, requested ODC to initiate a formal complaint against Engel. ODC filed the formal complaint and proceeded to prosecute the claim against Engel before an adjudicatory panel of the Commission. The adjudicatory panel serves as a fact finder and issues conclusions of law in a manner similar to a trial court. This Court reviews the adjudicatory panel's findings of fact, conclusions of law, and recommended disposition of the case. Rule 16, MRLDE.

¶22 This Court deviated from the MRLDE only to the extent that it directed ODC to file a brief setting forth its view on the adjudicatory panel's recommendation that the complaint against Engel should be dismissed. The MRLDE nowhere contemplates ODC filing an objection to the adjudicatory panel's recommendation. In fact, Rule 16, MRLDE, directs the lawyer subject to the discipline to file an objection to the adjudicatory panel's recommendation. The rule further provides that ODC may file a response to the lawyer's objections. Rule 16, MRLDE.

¶23 We reversed the process here. We directed ODC to file objections to the adjudicatory panel's recommendation. We also provided Engel with the chance to respond to ODC's objections. No absolute standard exists for what constitutes due process. *McDermott v. McDonald*, 2001 MT 89, ¶ 10, 305 Mont. 166, ¶ 10, 24 P.3d 200,

¶ 10.  The process due in any given case varies according to the factual circumstances of the case, the nature of the interests at stake, and the risk of making an erroneous decision. *Sage v. Gamble*, 279 Mont. 459, 465, 929 P.2d 822, 825 (1996).  We have stated previously in the context of a lawyer disciplinary proceeding that due process requires notice and an opportunity to be heard.  *Goldstein v. Commission on Practice*, 2000 MT 8, ¶ 40, 297 Mont. 493, ¶ 40, 995 P.2d 923, ¶ 40.

¶24    Our order of December 6, 2006, provided notice to Engel that ODC would be granted the opportunity to present its objections to the adjudicatory panel's recommendation.  Our same order provided Engel with an opportunity to be heard.  Engel took advantage of that opportunity to be heard.  Engel first filed a motion to reconsider on December 14, 2006.  We denied Engel's motion in an order dated December 28, 2006.  Engel then filed his response to ODC's objections to the adjudicatory panel's recommendation on February 20, 2007.   We rejected the adjudicatory panel's recommendation of dismissal in *Engel I* and remanded the matter to the Commission "for its consideration and recommendation of an appropriate sanction . . . ." *Engel I*, ¶ 51.

¶25    Engel participated in the proceedings on remand to the Commission.  He appeared with counsel and testified personally.  We rejected the Commission's recommendation of a private admonition in *Engel II*.  We directed Engel to appear before the Court for a public censure, that Engel be suspended for sixty days, and that Engel bear the costs of the disciplinary proceedings.  *Engel II*, ¶¶ 36-38.  This decision prompted Engel to file his current petition.  We granted Engel leave to file briefs addressing the question of

whether the Court still possessed subject matter jurisdiction over the disciplinary proceeding against Engel.

¶26 We still possess subject matter jurisdiction over these disciplinary proceedings. Nothing in the process by which the Court came to review Engel's disciplinary proceeding deprived the Court of its constitutionally endowed authority to regulate the conduct of lawyers. Mont. Const. art. VII, § 2(3). We also now determine that Engel enjoyed the full panoply of rights afforded to lawyers facing disciplinary proceedings, including notice of the charges against him and an opportunity to be heard to contest those charges. *Goldstein*, ¶ 40. Engel took full advantage of his opportunity and we determine that the Court's order directing ODC to file its objections to the adjudicatory panel's recommendation of dismissal did not violate any of Engel's procedural due process rights.

## CONCLUSION

¶27 Accordingly, it is hereby ordered that:

¶28 1. Joseph Engel, III, appear before the Supreme Court of the State of Montana on September 16, 2008, at 1:15 p.m. for the administration of a public censure;

¶29 2. Joseph Engel, III, pay, or make arrangements to pay, the costs of the proceedings before the Commission. Pursuant to Rule 9(A)(8), MRLDE, Disciplinary Counsel is directed to assemble and serve upon Joseph Engel, III, an itemized list of the costs and expenses incurred in this matter. Joseph Engel, III, shall then have ten days

12

thereafter to file written objections and, if he desires, to request a hearing before an Adjudicatory Panel;

¶30    3. Joseph Engel, III, shall be suspended as attorney and counselor for a period of sixty days, commencing as of the date of the public censure, at the expiration of which time, upon payment of all costs incurred in this proceeding, he may resume the practice of law without further order. Joseph Engel, III, shall file an affidavit as required under Rule 29(A), MRLDE, in which he confirms that he has complied fully with the requirements of this order before resuming the practice of law. Joseph Engel, III, further shall comply fully with the requirements of Rule 30, MRLDE, and Rule 32, MRLDE.

¶31    4. The Clerk of this Court is directed to mail copies of this Order to Joseph Engel, III, by certified mail, return receipt requested, and by ordinary mail to Joseph Engel's attorney, the Chairman and the Secretary of the Commission on Practice, the Office of Disciplinary Counsel, and the Executive Director of the State Bar of Montana.

DATED this 17th day of June 2008.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE