**FILED**

March 23 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 10-0005

2010 MT 59

_____

IN THE MATTER OF ELIZABETH A. BEST AND
THE RULES OF PROFESSIONAL CONDUCT AND
RULES FOR LAWYER DISCIPLINARY
ENFORCEMENT AND PRIVATE ADMONITIONS:

ELIZABETH A. BEST, BEST LAW OFFICES, P.C.,

        Petitioner.

O P I N I O N

A N D

O R D E R

_____

¶1     On January 7, 2010, Elizabeth Best filed with this Court a Petition for Original Jurisdiction and Application for Injunctive and Declaratory Relief wherein she contended that the attempt by the Commission on Practice (the COP) to discipline her with a private admonition was a violation of her rights to due process, to equal protection, to know and participate in government, and to free speech. By order dated January 12, 2010, we directed the COP to vacate the private admonition which was scheduled to occur on January 21, 2010, and we stayed all further proceedings pending our decision in this matter. In addition, we granted the COP time to respond to Best's petition. Thereafter, we granted the Office of Disciplinary Counsel (the ODC) time to respond to the petition and we allowed Best time to file a reply to the COP's response.

¶2     Having now carefully reviewed the petition, the responses, the reply and the associated appendices, we conclude that the dispositive issues in this case are: (1) whether we should accept jurisdiction of Best's petition, (2) if we accept jurisdiction,

1

whether the COP violated Best's right to due process, and (3) whether the COP can, *sua sponte*, charge a lawyer with a violation of the Montana Rules of Professional Conduct (M. R. P. C.) outside of any violation alleged in a complaint or report by the ODC.

**Factual and Procedural Background**

¶3 Best filed a lawsuit in June 2008 on behalf of Dr. Elaine Samuel against a Montana hospital (the Hospital) alleging, *inter alia*, that a restrictive covenant contained in Dr. Samuel's employment contract with the Hospital was void as contrary to public policy. Best alleges in her petition before this Court that after the lawsuit was filed, several of Dr. Samuel's colleagues encouraged Dr. Samuel to join the Montana Medical Association (the MMA) as well as the American Medical Association (the AMA) because both organizations oppose restrictive covenants, and because either or both organizations might be interested in participating in the case as *amici* or in sharing the costs of litigation. Dr. Samuel joined the MMA in December 2008.

¶4 Best further alleges that around the time that Dr. Samuel joined the MMA, Dr. Samuel informed Best that the attorneys representing the Hospital in her case also represented the MMA. Best contends that as part of discovery and trial preparation, she learned that the MMA and the AMA oppose restrictive covenants. Seeing this as a potential positional conflict on the part of the Hospital's attorneys, Best wrote them to point out the problem. The Hospital's attorneys wrote back providing only the ODC's address.

¶5 Thereafter, Best wrote to the ODC to report the potential conflict and enclosed both her letter to the Hospital's lawyers and their response. Best notes in her petition that

2

she believed it was her duty to do so under M. R. P. C. 8.3 (Reporting Professional Misconduct) and this Court's decisions in *Schuff v. A.T. Klemens & Son*, 2000 MT 357, 303 Mont. 274, 16 P.3d 1002, and *In re Engel* (*Engel I*), 2008 MT 42, 341 Mont. 360, 177 P.3d 502.

¶6 By letter dated January 6, 2009, the ODC dismissed Best's complaint after determining that there was no conflict. The ODC noted that because the Hospital's attorneys "represent the association and not the individual members," the pending litigation between Dr. Samuel and the Hospital did not involve the MMA. Best did not appeal this decision.

¶7 Prior to her receipt of the ODC's decision, Best had written to the MMA seeking assistance with Dr. Samuel's case against the Hospital, ostensibly because of the broad significance of the issues in the case to the medical profession. In her letter to the MMA, Best pointed out that it was her understanding that the Hospital was represented by the same attorneys that represent the MMA.

¶8 On April 2, 2009, the Hospital's attorneys filed a complaint with the ODC against Best asserting that Best sent the letter to the MMA for the purposes of causing the Hospital's attorneys "difficulties in [their] relationship with the MMA." They also alleged that because Dr. Samuel joined the MMA the very same day that Best mailed her letter accusing the Hospital's attorneys of a conflict of interest, Best and Dr. Samuel had "contrived a conflict of interest . . . for the purpose of harassing and intimidating" the Hospital's attorneys. Specifically, the complaint accused Best of violating M. R. P. C.

3

3.1 (Meritorious Claims and Contentions), 3.3 (Candor Toward the Tribunal), 3.4 (Fairness to Opposing Party and Counsel), and 4.1 (Truthfulness in Statement to Others).

¶9 The ODC investigated the complaint against Best and presented it to the COP's Review Panel with the recommendation that the complaint be dismissed with a letter of caution. On September 28, 2009, the Review Panel considered the matter and agreed that the allegations against Best of violations of M. R. P. C. 3.1, 3.3, 3.4, and 4.1 should be dismissed. However, the Review Panel concluded that the undisputed evidence clearly and convincingly proved that Best sought to interfere with the attorney-client relationship between the Hospital's attorneys and the MMA, thereby violating M. R. P. C. 4.2 (Communication with Person Represented by Counsel). The Review Panel recommended a private admonition.

¶10 Thereafter, the Adjudicatory Panel of the COP reviewed the matter and also determined that Best violated M. R. P. C. 4.2. The Adjudicatory Panel approved the Review Panel's recommendation of a private admonition.

¶11 On December 22, 2009, the COP issued an Order to Appear stating that it had reviewed the complaint and the report from the ODC and that it had found "just cause" for a private admonition of Best under Rule 13 of the Montana Rules for Lawyer Disciplinary Enforcement (RLDE) (2002). The order directed Best to appear on January 21, 2010, for the admonition. Best's petition to this Court followed.

**Issue 1.**

¶12 *Whether this Court should accept jurisdiction of Best's petition.*

4

¶13 Best requests that we assume jurisdiction of this original proceeding because the regulation of the practice of law is exclusively within the jurisdiction of this Court, the issues presented are of statewide importance, and there is no other adequate or speedy remedy. As Best notes in her petition, the preamble to the RLDE provides the following:

> The Supreme Court of the State of Montana . . . declares that *it possesses original and exclusive jurisdiction and responsibility* under Article VII, Section 2(3), of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its inherent jurisdiction, *in all matters involving admission of persons to practice law in the State of Montana, and the conduct and disciplining of such persons*. [Emphasis added.]

¶14 Article VII, Section 2(3) of the Montana Constitution provides that this Court "may make rules governing appellate procedure, practice and procedure for all other courts, admission to the bar and the conduct of its members." Thus, this Court has a "constitutional mandate to fashion and interpret the Rules of Professional Conduct." *In re Rules of Professional Conduct*, 2000 MT 110, ¶ 9, 299 Mont. 321, 2 P.3d 806.

¶15 In addition, we have determined that "the regulation of lawyers in Montana 'is a matter peculiarly within the inherent power of this Court, subject, of course, to constitutional guarantees . . . .' " *In re Engel* (*Engel II*), 2008 MT 215, ¶ 6, 344 Mont. 219, 194 P.3d 613, *cert denied*, ___ U.S. ___, 129 S. Ct. 619 (2008) (quoting *Goetz v. Harrison*, 153 Mont. 403, 404, 457 P.2d 911, 912 (1969)).

¶16 Furthermore, this Court has the authority to entertain original proceedings and to exercise supervisory control under Article VII, Section 2 of the Montana Constitution and M. R. App. P. 14(3) and (4) (formerly M. R. App. P. 17(a)). *See Inter-Fluve v. Eighteenth Jud. Dist. Court*, 2005 MT 103, ¶ 17, 327 Mont. 14, 112 P.3d 258; *Plumb v.*

5

*Fourth Jud. Dist. Court,* 279 Mont. 363, 369, 927 P.2d 1011, 1015 (1996). In *Plumb*, we recognized that original jurisdiction may be exercised where constitutional issues of major statewide importance are involved; where the case involves purely legal questions of statutory and constitutional construction; and where urgency and emergency factors make the normal appeal process inadequate. *Plumb*, 279 Mont. at 369, 927 P.2d at 1015. It is not necessary for all three circumstances to be present for this Court to exercise jurisdiction. *Plumb*, 279 Mont. at 369, 927 P.2d at 1015.

¶17 Best was ordered to appear before the COP on January 21, 2010, for a private admonition. That order stated that the COP, in making its determination, considered the complaint and the report prepared by the ODC. However, as Best noted in her petition to this Court, she was denied access to the ODC's report and recommendation, and neither the ODC nor the COP identified the conduct or the rule which they claim she violated. Indeed, Best was not made aware of the actual reason for the disciplinary action to be taken against her until the COP filed its response to her petition before this Court.

¶18 As Best stated in her petition, "[p]ermitting private admonitions without regard to due process poses serious detriment to all Montana lawyers, and chills responsible and professional practice of law. This inures to the detriment of all Montana citizens."

¶19 We agree with Best that this case involves issues of major statewide importance and we accept jurisdiction of her petition.

**Issue 2.**

¶20 *Whether the COP violated Best's right to due process.*

6

¶21    The COP ordered Best to appear before it for a private admonition.    Private admonitions are provided for in RLDE 13 which states:

> At any time before initiation of formal disciplinary proceedings, an Adjudicatory Panel, in its discretion, may give a private admonition to the lawyer in the name of the Supreme Court . . . .    Thereupon, the matter shall be deemed terminated except that the [COP] shall maintain a record of such admonition which record may be considered by Adjudicatory Panels and Review Panels in determining discipline to be recommended or imposed in any subsequent disciplinary proceeding involving the lawyer.    Private admonitions are not appealable.

Best maintains that because she had no opportunity to see or present evidence, to confront or cross-examine witnesses, or to appeal, she was deprived of her right to due process of law.

¶22    Article II, Section 17 of the Montana Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law."

> No absolute standard exists for what constitutes due process. *McDermott v. McDonald*, 2001 MT 89, ¶ 10, 305 Mont. 166, 24 P.3d 200.    The process due in any given case varies according to the factual circumstances of the case, the nature of the interests at stake, and the risk of making an erroneous decision. *Sage v. Gamble*, 279 Mont. 459, 465, 929 P.2d 822, 825 (1966).    We have stated previously in the context of a lawyer disciplinary proceeding that due process requires notice and an opportunity to be heard. *Goldstein v. Commission on Practice*, 2000 MT 8, ¶ 40, 297 Mont. 493, 995 P.2d 923.

*Engel II*, ¶ 23.    In addition, due process requires a fair and impartial tribunal, *State v. Moore*, 268 Mont. 20, 51, 885 P.2d 457, 477 (1994), *overruled on other grounds by State v. Gollehon*, 274 Mont.116, 906 P.2d 697 (1995), and a fair hearing, *Matter of Goldman*, 179 Mont. 526, 551, 588 P.2d 964, 978 (1978).

¶23　While the ODC concedes that "the specific grounds for the [COP's] decision to give Best a private admonition were not communicated to her," it argues that because this case involves informal discipline, Best's due process rights are minimal. According to the ODC, minimal due process rights exist at this informal stage because lawyers are not in danger of losing their licenses and any discipline imposed by the COP is not public. However, private admonitions are still a form of discipline. *In re Potts*, 2007 MT 236, ¶ 29, 339 Mont. 186, 171 P.3d 286. And, as Best points out, private admonitions include the potential for the imposition of costs; are maintained as a record by the COP in order to increase discipline in some future proceeding; can cause attorneys to incur substantial costs in hiring legal counsel; are required, in some cases, to be disclosed to malpractice insurance carriers and to other jurisdictions on *pro hac vice* or admission applications in other states; and can result in reciprocal jurisdiction in another state.

¶24　The ODC further argues that Best received all the due process necessary because she was provided a copy of the informal complaint against her and she was given an opportunity to respond to the complaint. What the ODC fails to point out is that the informal complaint did not include any information on the rule that Best was eventually determined to have violated or that the basis for the purported violation was "interference" with the attorney-client relationship between the Hospital's attorneys and their other client, the MMA. Moreover, Best was never given an opportunity to respond to this new charge.

¶25　"[D]ue process requires fundamental fairness of procedure which includes notice." *Gazette v. State ex rel. Com'n on Practice*, 2008 MT 287, ¶ 12, 345 Mont. 385, 190 P.3d

1126 (citing *In re B.N.Y.*, 2003 MT 241, ¶ 21, 317 Mont. 291, 77 P.3d 189; *In re A.F.-C.*, 2001 MT 283, ¶ 50, 307 Mont. 358, 37 P.3d 724). Simply stated, due process requires notice of the alleged misconduct charged. *In re Ruffalo*, 390 U.S. 544, 550, 88 S. Ct. 1222, 1226 (1968).

¶26 The lawyer disciplinary board in *Ruffalo* added a misconduct charge after it had heard the testimony against a lawyer. The United States Supreme Court stated in that case that a lawyer in a disciplinary proceeding is "entitled to procedural due process, which includes fair notice of the charge." *Ruffalo*, 390 U.S. at 550, 88 S. Ct. at 1226. The Supreme Court further stated that the charge must be known before the proceedings begin to avoid laying a trap for the accused. *Ruffalo*, 390 U.S. at 551, 88 S. Ct. at 1226. The Supreme Court held in *Ruffalo* that the absence of fair notice "as to the reach of the grievance procedure and the precise nature of the charges" deprived the lawyer of procedural due process. *Ruffalo*, 390 U.S. at 552, 88 S. Ct. at 1226.

¶27 In the instant case, the COP admits that neither it nor the ODC notified Best of the COP's consideration of Best's letter to the MMA in light of M. R. P. C. 4.2 before scheduling Best's private admonition. The COP claims that "[t]hat would have been explained confidentially during the private admonition in an effort to instruct and improve Best's practice of law." The COP further admits that had it privately admonished Best, she would not have had a hearing, the right to confront witnesses, or the right of appeal.

9

¶28 Best was not put on notice that she was charged with a violation of M. R. P. C. 4.2. To now punish her for a violation of that rule without an opportunity to respond to the charge would be a violation of her entitlement to due and fair process.

¶29 Accordingly, we hold that the COP violated Best's right to due process.

**Issue 3.**

¶30 *Whether the COP can, sua sponte, charge a lawyer with a violation of the Montana Rules of Professional Conduct outside of any violation alleged in a complaint or report by the ODC.*

¶31 The COP is an arm of this Court. Its function is to "*hear and decide complaints and in appropriate cases . . . make recommendations to the Court for discipline.*" RLDE 1 (emphasis added); *In re Creation of Office of Discip. Counsel*, 2001 MT 257, ¶¶ 18-19, 307 Mont. 210, 53 P.3d 861. In addition, the RLDE provides that *the ODC* "shall perform *all prosecutorial functions*," RLDE 5(B) (emphasis added). Nothing in the RLDE permits the COP to act as a complainant in disciplinary proceedings. On the contrary, the RLDE provides that "[p]rosecutorial and adjudicatory functions shall be separated and managed to secure responsiveness, efficiency and fairness." RLDE 1.

¶32 RLDE 11 provides the rules for review of an existing complaint, procedural determinations, referral of that complaint for investigation, dismissal, requesting that *the ODC draft a formal complaint* for further action, and recommendation of action to an Adjudicatory Panel. In this case, the ODC recommended no discipline. Notwithstanding, the COP ignored the ODC's recommendation and, instead, decided to draft its own complaint and then act on its own complaint.

¶33   When investigatory and adjudicatory functions are combined, the risk of unfairness from the combination of those functions may, under certain circumstances, be too high. *See Goldstein*, ¶ 27. This is just such a circumstance. We agree with Best that the COP exceeded its authority in this case when it acted outside the four corners of the original complaint to charge Best with violation of a completely different rule and then gave Best no opportunity to respond to this new charge.

¶34   Having determined that Best's right to due process was violated, we do not reach the other grounds for relief which she claims and argues in her petition.

¶35   Accordingly, based on the foregoing,

¶36   IT IS ORDERED that the disciplinary action against Best is DISMISSED WITH PREJUDICE.

¶37   IT IS FURTHER ORDERED that the Clerk of this Court is directed to mail copies of this Opinion and Order to Best, to her attorneys, to the Chairman and Secretary of the Commission on Practice, to the Office of Disciplinary Counsel, and to the Executive Director of the State Bar of Montana.

DATED this 23rd day of March, 2010.


/S/ JAMES C. NELSON

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

11