JUSTICE RICE,
concurring.
¶55 In Bostwick I, Justice Nelson and I expressed dismay and concern over the Department’s unfair treatment of Bostwick:
DNRC’s quick action would be commendable if it hadn’t been taken to rectify DNRC’s earlier malfeasance and to short-circuit a court’s review of that malfeasance. Then, when Bostwick asked to be heard about the denial, DNRC obliged Bostwick by setting a hearing in front of the same official who had written the DNRC’s opinion denying the permit. Whether the DNRC was attempting to be humorous or capricious, I do not know, but on its face this raises potential due process concerns.
Bostwick I, ¶ 29 (Rice, J., concurring); see also ¶ 25 (Nelson, J., concurring). Despite this rebuke, the Department continued its shenanigans after the case was remanded. E-mails recovered by Bostwick revealed Department officials celebrating the decision in Bostwick I and plotting a further ambush of Bostwick upon remand in these proceedings. As the District Court found, “[i]t does appear that the Department exhibited bias against Bostwick from the beginning stages of this matter.” However, the District Court reasoned that because it had “upheld all but one of the Department’s substantive decisions,” that the agency’s bias was “irrelevant.”
¶56 I believe the District Court’s approach to this issue put the procedural cart before the horse, and I disagree that affirming an agency’s substantive decisions should necessarily render a bias issue irrelevant. This Court has previously exercised supervisory control over district judge substitution because continuing the litigation could “cause uncertainty as to the validity of the District Court judge’s involvement and decisions in this matter” and “risks wasting significant resources” in the event the matter would need to be retried. Goldman Sachs Group, Inc. v. Second Jud. Dist. Ct., 2002 MT 83, ¶ 8, 309 Mont. 289, 46 P.3d 606. We revised the appellate rules to *164 accommodate these concerns. See M. R. App. P. 14(3)(2011); see also D.H. v. Fourth Mont. Jud. Dist. Ct., 2012 MT 106, ¶ 2, 365 Mont. 82, 278 P.3d 1010. We have thus recognized that an improper presiding officer can undermine the validity of an entire proceeding. Practically, it is difficult to measure the full reach of a biased decisionmaker’s impact, as it can flow to the entirety of the case, including minor rulings. A litigant may be faced with arguing that bias affected each adverse decision in the case. The Legislature has provided for substitution of hearing examiners, including for bias. See § 2-4-611(4); § 85-2-310(l)(b), MCA; see also In re Best, 2010 MT 59, ¶ 22, 355 Mont. 365, 229 P.3d 1201 (“due process requires a fair and impartial tribunal”). And further, as a matter of due process, it is appropriate that the claim of bias be addressed as a threshold issue, with interlocutory review if necessary, and not as a final issue reviewed only for demonstrated prejudice.
¶57 Here, the Department’s proceeding should not have been conducted in the manner it was. In my view, bias was established because the evidence demonstrated the Department’s mind was irrevocably closed, and an unbiased hearing officer should have been substituted to hear the matter. If Bostwick had requested a new hearing as a remedy, I would vote to grant it. However, Bostwick has not asked for such relief. Instead, Bostwick argues the bias issue simply to bolster its substantive arguments. Therefore, in light of the posture of this case, I believe the Court properly affirms on the basis of undemonstrated prejudice.
¶58 I likewise join in the Court’s resolution of the remaining issues.